THE STATE v. PRIESTLEY, *Appellant*

**Assault to Rape :** PROOF OF THE CRIME. To warrant conviction upon an indictment for an assault with intent to commit a rape, the evidence must show that defendant's intention was, if it became necessary, to force compliance with his desire at all events and regardless of any resistance the woman might make.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*J. H. Lay* and *Smith & Shirk* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HENRY, J.—At the May term, 1879, of the Benton circuit court, the defendant was indicted for an assault upon Virginia McPherson, with intent forcibly to ravish and carnally know her. The cause was taken by change of venue to Henry county, and on a trial had at the December term, 1879, of said court, defendant was convicted, and his punishment assessed at a fine of $200. From that judgment he has prosecuted his appeal.

The testimony of Virginia McPherson was, in substance, that one Osborn was a son-in-law of defendant and lived in Benton county ; that her mother lived about a mile from Osborn's; that the defendant came to the residence of witness' mother and said that his daughter, Mrs. Osborn, was sick and wanted witness to go and stay with her at defendant's house. Witness consented to go. Defendant came on horseback, and witness rode behind him from her home. It was about five o'clock in the afternoon. After they started, defendant made an excuse to go through the timber, saying that he wanted to see about his cattle. There were three different ways by which he could go—one, a plain big road on the prairie, and one through the timber, and another prairie road. Road through the timber was

a pathway.  He took the timber road—turned off after going a short distance.  Went by his pasture where he turned off.  Saw no cattle.  The pasture was a half quarter of a mile from where he turned off.  He went to a little grove, and said, "get down and let's have a little hugging and kissing."  This was about half way between Priestley's and Osborn's.  No houses were in sight.  When he made the above remark he was on the horse, and witness said she would get down and go on.  He said we will go on directly.  He got down and went four or five steps to a pair of bars, and let them down, holding the bridle over his arm.  He began to rub witness on the leg, saying, "let me rub the ticklish off."  His hand was under witness' clothes.  She kicked him and pushed him away.  He dropped his pocket-book, picked it up, and took out a piece of money and said, "you can't handle this, but somebody can for you."  He made no attempt to pull her off of the horse, desisted when she told him to do so—no one was in sight, nor did anything occur to frighten him from the accomplishment of the alleged purpose.  Without any further demonstration, he remounted his horse and rode home, with witness behind him, and arrived there about sundown, where she staid all night.  Afterward she spent another night at Priestley's and rode home behind him the next morning.  There was no other evidence of any consequence introduced by the State, and without regard to the testimony for the defense, which was decidedly in favor of the accused, we are at a loss to account for the verdict rendered.

Whether it should, or not, be made a criminal offense for a man to solicit carnal intercourse with a female, our legislature has not deemed it advisable to declare it a crime; and to convict one of a violation of the section of the statutes on which this indictment was found, it must appear from the evidence that the defendant's intention was, if it became necessary, to force a compliance with his desire, at all events, and regardless of any resistance made by his

victim.   *Commonwealth v. Merrill,* 14 Gray 415; *Reynolds v. People,* 41 How. Pr. Rep. 179; *Joice v. State,* 53 Ga. 50; *State v. Burgdorf,* 53 Mo. 65.   Can it be said from the testimony of Miss McPherson, that defendant's intention was to have sexual intercourse with her, whether she consented or not?   He solicited her—stopped his horse, dismounted —lewdly and lasciviously put his hand upon her knee, renewing his solicitation.   She bade him desist and kicked him.   He then desisted, remounted his horse and went on home, with Miss McPherson behind him.   The alleged attempt occurred in a lonely, sequestered place—no house in sight, and no person appeared to frighten defendant from the accomplishment of his alleged purpose.   His conduct was reprehensible in the extreme, and, morally considered, indefensible, but we have now to deal, not with the ethics, but the law of the case, and if there is a particle of evidence to prove the intent alleged in the indictment, we have failed to discover it.   If he was guilty, it is difficult to conceive of an attempt to have sexual intercourse with a female, where an assault, however slight, is made, which would not be an assault with intent to commit a rape.   In our opinion there was no evidence to support the verdict, and the judgment is, therefore, reversed.   All concur.