The State v. Owsley.

THE STATE v. OWSLEY, *Appellant.*

DIVISION TWO.

**Assault With Intent to Rape**: PROOF OF THE CRIME. To warrant a conviction for an assault with intent to commit a rape, the evidence must show that it was defendant's intention, if it became necessary, to accomplish his purpose at all events, regardless of any resistance the woman might make.

*Appeal from Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED.

*Amos S. Smith* for appellant.

*John M. Wood,* Attorney General, for the State.

GANTT, P. J.—Defendant was indicted for an assault with intent to commit rape on Sarah Ashley at the November term, 1886, of the circuit court of Hickory county, and was tried at the November term, 1887, and convicted, and his punishment assessed by the jury at two years in penitentiary. From this conviction he appeals to this court.

The case stands upon the evidence of the prosecutrix. The indictment charges the assault to have been committed August 1, 1886. Sarah Ashley testified that on August 1, 1886, she was going along the road, and defendant said he wanted her to go over the hill with him. "I said, 'I didn't have to.' He didn't touch me." Having failed to prove any assault at this time, the prosecuting attorney was permitted by the court to prove another conversation of defendant with Sarah Ashley in which he requested her to "go to the brush,"

The State v. Owsley.

and she declined. Again there was no assault. The prosecuting attorney then over the protest of defendant was allowed to prove by the witness, Sarah, that about a week after these other conversations she met the defendant in the brush whither she had gone after the cows. He caught her by the arms and "said he was going to have some; I told him he wasn't and that I would 'holler;' I jerked loose from him and ran home." She was seventeen years old. He did not pursue her. The defendant denied any attempt to force the prosecutrix. Admitted offering her money, that she declined, and that ended it.

We deem it unnecessary to enter upon a discussion of all the propositions in this case. There is no evidence upon which this verdict can stand. In *State v. Priestly*, this court said, "whether it should or not be made a criminal offense for a man to solicit carnal intercourse with a female, our legislature has not deemed it advisable to declare it a crime, and, to convict one of a violation of the section of the statutes on which this indictment was found, it must appear from the evidence that the defendant's intention was, if it became necessary, to force a compliance with his desire, at all events, and regardless of any resistance made by his victim." 74 Mo. 24, and cases cited. As in that case, so in this, the alleged attempt occurred in a lonely sequestered place, no house in sight, and no person to frighten defendant from the accomplishment of his purpose; he made no effort to detain or follow her, after she threw off his hand. There is no evidence of the intent to *ravish* in the meaning of the law.

Let the case be reversed, and defendant discharged from his recognizance. All concur.