### LEWIS MATHEWS v. THE STATE.
#### *No. 740.　Decided May 18.*

**Fact Case—Assault with Intent to Commit Rape—Evidence Insufficient.—** See facts stated in the opinion, which, while they show an assault and battery of the most aggravated form, are *Held*, to fall short of assault with intent to commit rape.

APPEAL from the District Court of Washington.　Trial below before Hon. E. R. SINKS.

This appeal is from a conviction for assault with intent to commit rape, the punishment assessed being imprisonment in the penitentiary for a term of six years.

The opinion states the facts.

*Beauregard Bryan*, for appellant, filed an able brief in the case.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault with intent to commit the crime of rape, and given six years in the penitentiary.

The State relied for this conviction upon the evidence of Louise and Olga Schroeder, their testimony being the same.　Louise Schroeder is

the prosecutrix, and testified as follows, to wit: "My name is Louise Schroeder. I am 19 years of age. Live in Brenham, Texas, with my father. In the afternoon of December 20, 1894, between sundown and dark, I was with my sister, Olga Schroeder, returning from the stores in town, and when in about seventy yards of my house on West End street I was approached by a negro boy on horseback, who rode up to the sidewalk where I was walking, and said to me in a loud, boisterous tone, 'I will give fifty cents for some cock,' and struck me over the head, on which I had my hat, a blow with a quirt he held in his hand. I told him to let me alone, and continued to walk down the sidewalk of the street. The negro who struck me is the defendant. I never saw him before that day. After he struck me he turned his horse and rode back to a companion, who was with him, also on a horse, in the middle of the street, and asked the man to hold his horse. The man would not hold the defendant's horse, and then defendant rode back to the sidewalk, and alongside of it, and turned his horse partly across the sidewalk in such a way that I could not pass, and again repeated what he first said, viz., 'I will give you fifty cents for some cock,' and again struck me with the quirt; this time in the back of the neck. The blows were severe, and hurt. I screamed, and the defendant and his companion rode off immediately, rapidly down the street." Cross-examined: "What I have just testified is all that happened between defendant and myself. Defendant did not get down off his horse. He did not at any time try to get down off his horse. There was nothing to prevent him getting down if he wished to do so. He was close enough to me to lay his hand on me, but did not do so, or try to do so at any time. He at once rode off when I screamed. All this happened on West End street, in Brenham. There were houses all around. When I was struck I was right at Mrs. Yerger's (a white lady) house, in ten feet of it," etc. The sister of this witness, Olga Schroeder, testified (it was agreed) to the same thing that Louise did, viz., that defendant did not at any time use any force towards Louise Schroeder, except striking with the quirt; did not at any time try to get off his horse, or try to lay hands on Louise, though he could have done so. The defendant's testimony was to the effect that he was in a maudlin state of drunkenness, and he testified, that he had no recollection of the occurrences stated against him, and was unconscious of having seen the young lady in question.

However reprehensible and outrageous the conduct of appellant may have been, and actually was, the State's testimony does not prove the charge of assault to rape. The insulting remark made by appellant and the blows from the quirt do not manifest that intent to have carnal intercourse with the young lady by that force and under those circumstances denounced by the statute. It is alone to the crime as denounced by the Legislature that the courts must look in enforcing the law in the State. The facts before us, while showing an aggravated assault and battery in a most aggravated form, still fall far short of

the higher crime of assault with intent to commit rape. The other errors complained of will hardly arise upon another trial, and are not discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.