State v. Scholl.

THE STATE v. SCHOLL, *Appellant.*

Division Two, November 19, 1895.

1. Criminal Law: TERM OF IMPRISONMENT: STATUTE. Revised Statutes, 1889, section 3490, fixes the maximum penalty for assault with intent to rape at five years' imprisonment in the penitentiary but prescribes no minimum punishment. Section 3955, *Ibid.*, provides, generally, that no person shall in any case be sentenced to the penitentiary for any term less than two years. *Held*, that the sections are not conflicting and that the minimum punishment for assault with intent to rape is imprisonment for two years.

2. ———: ASSAULT TO RAPE. In order to warrant a conviction of an assault with intent to rape it must be shown that it was defendant's intention to accomplish his purpose and to overcome any and all resistance made by his victim.

3. ———: ———. The evidence in this case examined and *held* not to authorize its submission to the jury for conviction of assault with intent to rape.

*Appeal from Lafayette Circuit Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*John S. Blackwell* and *John Welborn* for appellant.

(1) Instruction number 1 given on the part of the state is erroneous in that it authorizes the jury to assess defendant's punishment at imprisoment in the penitentiary for a term not less than two years. *State ex rel. Baker v. Frala*, 47 Mo. 310; *Musick v. Railroad*, 114 Mo. 309. (2) The evidence in this case did not authorize or justify the trial court in giving any instruction as to the question of an assault with intent to rape. *State v. White*, 52 Mo. App. 285; *State v. Owsley*, 102 Mo. 678.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1) The verdict is sustained by the evidence. (2) The court committed no error in its rulings on the instructions. *State v. Yocum*, 117 Mo. 622; *State v. Smith*, 80 Mo. 518; *State v. Shroyer*, 114 Mo. 446. (3) The indictment is in the usual form and is sufficient. R. S. 1889, sec. 3489; *State v. Smith*, 80 Mo. 516.

Burgess, J.—At the October term, 1894, of the Lafayette circuit court the defendant was indicted for assault upon Mrs. Maggie Hupman, with intent to ravish and carnally know her. At the same term he was tried and convicted and his punishment fixed at two years' imprisonment in the penitentiary. From that judgment he has prosecuted his appeal.

The testimony of Mrs. Hupman was about as follows: That about 3 o'clock in the afternoon on Monday, October 1, 1895, the defendant came to her house where she was entirely alone, her children, three in number, being at school, and her husband in the country threshing grain. She was engaged at the time

in cutting out some cloth, for the purpose of making a garment for one of her children; that defendant came to one of the doors leading into the house which was then open, and being by her asked to come in, he did so, and asked her about some hands to assist in picking tomatoes, and after a short conversation in regard thereto, he grabbed her and pushed her over the bed in close proximity to which she was then standing, he falling upon her; that she resisted him and struck him on the nose; that he then released her and she got up from the bed when he again took hold of her and pushed her up against the wall and unbuttoned his pants in front, when he again threw her on the bed and attempted to raise her clothing, she resisting him all the time; that during the time he had hold of her he kissed her several times; that he was in the house about fifteen or twenty minutes; that she knew a man was at work about fifty yards from the house but did not call him.

Defendant admitted that he took hold of her, that he had a scuffle with her, kissed her and threw her on the bed, but he denied that he attempted to, or that he had any intention of ravishing her or having connection with her. He had been frequently about Hupman's house, had worked for him, was well acquainted with the family, and had staid at the house over night at the request of Mrs. Hupman in the absence of her husband when one of her children was ill, because she was afraid to stay alone. He proved a good character. There are twelve specific grounds urged by counsel for defendant for a reversal of the judgment, but it will not be necessary to pass upon all of them in order that a proper disposition may be made of the case.

The first instruction given on the part of the state is criticised because it directed the jury if they found the defendant guilty of assault with intent to commit rape,

to fix his punishment at imprisonment in the penitentiary for not more than five, *nor less than two*, years.

The section of the statute under which the indictment was drawn, Revised Statutes, 1889, section 3490, fixes the maximum punishment for assault with intent to commit rape at five years' imprisonment in the penitentiary, but makes no provision as to the minimum punishment when imprisonment in the penitentiary is imposed. By section 3955, Revised Statutes, 1889, it is provided that, "Whenever any offender is declared by law punishable upon conviction, by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; but no person shall in any case be sentenced to imprisonment in the penitentiary for any term less than two years."

It is argued that, as there is no authority given in section 3490, *supra*, for fixing the minimum period of punishment in the penitentiary at two years, that section being special in its application, it is not controlled by section 3955, *supra*, which is general in its application. There is no conflict in the two sections, the one last cited supplying, for reasons which are obvious, that which had been omitted in the other and many additional sections of the statute, that is, the minimum punishment by imprisonment in the penitentiary, for offenses punishable by such imprisonment. The sections we think not incongruous, but entirely harmonious. It would have been entirely useless to have fixed the minimum punishment for such offenses in every section of the statute prescribing punishment for crimes punishable by imprisonment in the peniten-

tiary, when it could as well be done by one general provision.

The case of *State v. Henley*, 30 Mo. 509, is relied upon as announcing a different rule, but it is more in harmony with what has been herein said than otherwise. That was a prosecution for burglary and larceny, and in speaking of the punishment for each offense and with respect to section 10, article 9, Revised Statutes, 1855 (sec. 3490, R. S. 1889), the court said: "The general provision in section 10 can have effect without applying it to cases like that before us; it was evidently intended to apply to that class of cases where the statute was silent as to the minimum, but prescribed the maximum punishment that might be inflicted by imprisonment in the penitentiary." If what was said in that case has any bearing at all upon the question involved in the case at bar, it is in support of our position as before indicated.

Another contention is that there was no evidence upon which to predicate an instruction for assault with intent to commit rape. Under the rulings of this court, in order to warrant a conviction for an assault with intent to rape, it must be shown that it was the the defendant's intention to accomplish his purpose, and to overcome any and all resistance offered by his victim. *State v. Priestley*, 74 Mo. 24; *State v. Owsley*, 102 Mo. 678. Did the facts in proof, show such an intention on the part of the defendant at the time of the assault?

At that time one of the outer doors to the room of the house in which it occurred was open and a man was working within forty or more yards, but Mrs. Hupman did not call for him, she said, because he could not have heard her, nor for help, because she was trying to fight him off, and did fight him off, herself. When defendant let her up, he asked her not to be

mad, said he would not do it any more, and then left. Nothing, however, occurred to frighten him away, nor did he use any more force or violence than as before stated. From all the facts disclosed, we do not think that defendant intended to have sexual intercourse with Mrs. Hupman, at all hazards and against her will. In fact the evidence was to the contrary. While his conduct was reprehensible, for which just legal punishment, common assault, should be meted out to him, there was no evidence to take the case to the jury, upon the theory of assault with intent to commit rape.

Instruction number 4 given on the part of the state correctly defined common assault. The judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.