THE STATE v. HAYDEN, *Appellant.*

Division Two, November 9, 1897.

1. **Appellate Practice**: INTERFERENCE OF APPELLATE COURT.  Where a verdict has been rendered, and a motion for a new trial has been made, to have it set aside because of a lack of substantial evidence to support it, and that motion has been overruled by the trial court, it must be a clear case of failure of proof before this court will interfere.  It is *held* that there is a total failure of evidence in the case at bar.

2. **Intent to Rape**: NECESSARY EVIDENCE.  To warrant a conviction for an assault with intent to rape, it must be shown that it was defendant's intention to accomplish his purpose, and to overcome any and all resistance offered by his victim.  In the case at bar the State's evidence showed that defendant left the window, near which he was standing, when told by his intended victim that she would cut his head open with an ax if he attempted to come in the house, which he had threatened to do.

*Appeal from Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*John Welborn* and *John S. Blackwell & Son* for appellant.

(1) There was no evidence of sufficient probative force to convict the defendant of the crime for which he was tried and the trial court should have instructed a verdict for the defendant either at the close of the State's evidence or at the close of all the evidence given in the case. (2) There was no evidence upon which to predicate an instruction for an assault with intent to commit rape, even though the defendant was the person who was at the window of Miss Vaughan's room. There was no assault committed on Miss Vaughan by the person at her window on the night in question. *State v. Priestley*, 74 Mo. 24; *State v. Owsley*, 102 Mo. 678; *State v. Scholl*, 130 Mo. 400. (3) "In every criminal prosecution the State assumes to show, as an essential element in his guilt, the presence of the defendant at the commission of the crime. This being true, a simple plea of not guilty, without other or further plea, puts the State to the proof of his presence. If the State fails to show that the defendant was present when the crime was committed, when without his presence it is impossible for him to be guilty, the prosecution must fail." *State v. Taylor*, 118 Mo. 166.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment charges two offenses. No error was made by the trial court in refusing to quash

it on that account. The court, however, properly sustained defendant's motion to compel plaintiff to elect on which count it would stand. *State v. Porter*, 26 Mo. 201; *State v. Turner*, 63 Mo. 437; *State v. Mallon*, 75 Mo. 356; 1 Bishop's Criminal Procedure, sec. 449. (2) The evidence, though circumstantial, is sufficiently strong to warrant the trial court in submitting the case to the jury. All the elements necessary to constitute the crime with which the defendant is charged properly appeared in evidence. The question as to the weight and strength of the evidence necessary to convict the defendant beyond the reasonable doubt required by law, is a matter resting solely within the province of the jury. This court will not undertake to pass upon the weight or sufficiency of the evidence unless there is a total failure of proof.

BURGESS, J.—At the October term, 1896, of the criminal court of Lafayette county, the defendant, a negro, was indicted by the grand jury of said county and charged with two separate and distinct offenses, in two separate counts. In the first count in the indictment he was charged with feloniously assaulting one Jennie Vaughan with intent to ravish and carnally know her, and the second count charged him with attempting to break into the dwelling house of said Jennie Vaughan with the intent to steal, etc. The offenses were alleged to have been committed at said county on the night of the twenty-second day of March, 1896.

At the June term, 1897, of said court, on motion of defendant the court required the State to elect upon which count it would proceed to trial, and it having elected to proceed on the first count, defendant was put upon his trial, convicted of assault with intent to commit rape, and his punishment fixed at two years'

imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest he appeals.

At the time of the commission of the alleged offense Jennie Vaughan lived with her father in the town of Dover in Lafayette county. On that night she, Miss Ada Hodges, Mrs. Liggon and Florence Beattie, a little girl, were at the home of Jennie Vaughan. They all retired quite early and went to sleep. Some time between nine and ten o'clock Jennie Vaughan was awakened by a noise at the west window of her room, when she arose from her bed and called to Miss Hodges to get up. Miss Vaughan lighted a lamp, went to the window and found that the upper pane in the lower sash in the window had been cut out and the stick that had been used to hold the window down had been removed. As soon as Miss Vaughan got to the window, and about the time she discovered that the glass was out and the stick gone, she also discovered that there was a person on the outside of the house and close to the window. Miss Hodges then came to the window, and while she and Miss Vaughan were there together the window was raised, or attempted to be raised, several times by the person on the outside. Miss Vaughan put the poker over the window to prevent it from being raised, and while she was trying to hold the window down the person on the outside ran his hand through the hole from which the glass had been cut and tried to catch her dress. She and Miss Hodges put a pillow in the hole in the sash to prevent the person from thrusting his hand through; the pillow was pushed away and the person called to Jennie to come out of the house, and said that he was coming in, and that if he was not let in he would shoot. Miss Hodges told him that if he attempted to come in she would cut his head open with an ax, and as soon as she made this statement the person left the premises

and was not seen or heard of afterward on the place.

Early the next morning it was reported among the citizens of Dover that some person had attempted to forcibly enter the room of Jennie Vaughan the night before and that the defendant was thought to be the guilty party. Excitement ran high, and for fear of mob violence the defendant, who had been in the village during the night, left there, made his way to Lexington, and surrendered to the sheriff of the county.

The vital question in the case is whether or not there was any substantial evidence upon which to bottom the verdict of the jury. Where a verdict has been rendered, and a motion for a new trial has been made to set it aside because of the want of substantial evidence to support it, and that motion has been overruled by the trial court, it must be a clear case of failure of proof before this court will interfere, but that, we think, is this case.

We have looked in vain through the record for some evidence tending to show defendant's guilt of the crime for which he was convicted. Conceding all of the evidence adduced by the State to be true, there is wanting every material fact necessary to constitute defendant's guilt of an assault with intent to commit rape on the prosecuting witness. No witness was able to connect defendant with what is claimed to have been an assault to rape, and it is only by the merest conjecture that it could be done. No one should be punished for crime under evidence so uncertain and unsatisfactory. But even if defendant had been identified as the person who was at the window of the room of Jennie Vaughan, and thrust his hand through it as if to take hold of her, and called to her to come out of the house, and said he was coming in and that if he was not let in he would shoot, when he was told by Miss Hodges if he attempted to do so she would cut

his head open with an ax, he at once went away, which showed that he did not intend to accomplish his purpose regardless of any and all resistance which he might have to overcome.

"Under the rulings of this court, in order to warrant a conviction for an assault with intent to rape, it must be shown that it was the defendant's intention to accomplish his purpose, and to overcome any and all resistance offered by his victim." *State v. Scholl*, 130 Mo. 396; *State v. Priestley*, 74 Mo. 24; *State v. Owsley*, 102 Mo. 678.

There was no such evidence in this case.

Our conclusion is that there was no evidence to identify defendant as the person charged, and even if there was, that the evidence did not show that he was guilty of an assault with intent to commit rape.

The judgment is reversed and defendant discharged. GANTT, P. J., and SHERWOOD, J., concur.