## TYLER TERM, 1908.

JOHN EILEY v. THE STATE.

No. 4195. Decided December 9, 1908.

Assault to Rape—Insufficiency of Evidence—Force.

See opinion for facts held insufficient to support a conviction of assault with intent to rape by force.

Appeal from the District Court of Lampasas. Tried below before the Hon. Jno. M. Furman.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. S. Alexander,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to rape. It is shown that he was a foreigner not familiar with the English language, and tried without the benefit of counsel and for this reason the case was not fully developed, and further, it is claimed that even under the facts adduced he was not guilty of assault to rape by force. The prosecutrix was twenty years of age, sleeping in the same room in which slept her father and mother. The evidence of J. W. Patterson, father of prosecutrix, is to the effect that appellant had been working for him as a hired hand, a farm laborer; that he was a foreigner, but the witness did not know his nationality; that appellant had made the witness a good work hand, as good as he had ever employed; that his daughter was about twenty years of age; that on the night in question prosecutrix was sleeping in the room in which witness and the mother of prosecutrix were sleeping; that the room was about 16 x 16 feet and prosecutrix was sleeping in a separate bed on one side of the room and witness and her mother

on the other side on another bed. Appellant occupied a shed room of the house and witness' two sons were sleeping up stairs; that they all retired about eight o'clock and the witness said he was soon asleep. About nine o'clock, he says, he heard his daughter making a noise and her mother got up out of bed and went over to the bed of prosecutrix and from there she walked on out of the room and in a minute or so prosecutrix began to call witness and say that some one was in her bed; that he turned and got out of bed and just as he did so he saw appellant get out of his daughter's bed; that he grabbed at him and caught him by the sleeve and struck him; that appellant jerked away from witness and ran out of the door through the hall and out into the yard, out of the gate into the road and disappeared; that he had on his night clothes shirt and drawers; that he went then into appellant's bed room and found that he had not been in the bed. The officers were notified and came out and caught appellant. He says that appellant speaks English very poorly and can hardly be understood. Mrs. Patterson, mother of prosecutrix, testified that she first heard her daughter making a noise and she called witness. Witness got out of bed, went over to prosecutrix' bed and put her hand on the foot of the bed and as she supposed on the feet of prosecutrix; that prosecutrix sometimes dreams in her sleep and she thought she was only dreaming; that she left prosecutrix' bed, went into the hall; that when she reached this point she heard a commotion in the room she had left and rushed back into the room and found her husband had hold of appellant striking him with his hand; that appellant jerked loose and ran out. She says prosecutrix is twenty years old, is rather small and not a strong woman. The prosecutrix testified that she was twenty years of age, lived with her parents in Lampasas County; that on the night in question she went to bed as usual and was awakened by something touching her; that she first thought it was a cat at her feet; that when she was sufficiently aroused she found it was some one in bed with her and she began to call her mother and father; that the person then caught hold of her hands and arms and she tried to push him away and said, "This is John Eiley." Then her father jumped out of bed and as he did so the party got out of her bed and started to run and her father caught him. She says it was appellant who was in her bed and had hold of her, and says she was very much frightened when she discovered some one in her bed; that he had his face close to hers. The sheriff testified that accused was a robust man, five feet nine inches high, and weighs 135 or 140 pounds. Appellant testified that he was going through the room to the kitchen to get matches with which to light his cigarette and was in the room when he was caught; that he did not touch or get in bed with prosecutrix; that there were no matches in his room and that was the reason he was going to the kitchen; that he was twenty-six years old and had worked for

prosecutrix' father about three months. In rebuttal the State introduced J. W. Patterson, father of prosecutrix, who testified that it was not necessary for appellant to go through the room occupied by prosecutrix to get to the kitchen; that there was a match case on the wall in the room occupied by appellant which had matches in it at the time. At least matches were discovered in the room after appellant's arrest. This is the case. The State relied upon force which, under the statute, must be sufficient to overcome all resistance on the part of the prosecutrix if she was not consenting. Under this evidence, by the terms of the statute and the decisions construing the statute, we are of opinion that this evidence is not sufficient to show an assault to rape by force. There was no attempt at force. He got in the bed, under the State's case, with the prosecutrix and put his hand on her. This is the substance of the case so far as it applies to force. It occurred in the room where prosecutrix' father and mother were sleeping. If appellant was in the bed at all, he was so situated when the mother got up. The mother had been aroused by the call of the prosecutrix and she left the room. She did not call her mother's attention to the fact that appellant was in bed with her at the time. She left the room and prosecutrix then called her father and appellant got out of bed with a view of leaving the room. We are, as before stated, of opinion that this evidence is not sufficient to show an intention on the part of appellant to commit assault to rape by force.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*