[No. 2064, April 3, 1918.]
## STATE v. DUCKETT.

### SYLLABUS BY THE COURT.

In order to convict a man of "assault with intent to rape," the state must establish by the evidence, to the satisfaction of the jury and beyond a reasonable doubt, that the accused intended to have intercourse with the female by force and against her will, and that he not only used force where an assault is charged, but used such force with the intention at the time to have sexual intercourse with her in defiance of, and notwithstanding, any resistance she might make.

State v. Duckett, 24 'N. M. 28.

Appeal from District Court, Chaves County; McClure, Judge.

Robert L. Duckett was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

BUJAC & BRICE, of Roswell, for appellant.

The evidence is insufficient to establish that the assault was made with intent to rape, and that was essential to sustain the charge.

33 Cyc. 1433; State v. Scholl, 33 S. W. 968; State v. Owlsley, 15 S. W. 137; State v. Priestly, 74 S. W. (Mo.) 24; Carroll v. State, 6 S. W. 190; Power's v. State, 18 S. W. 552; Fields v. State, 24 S. W. 907; Steinkie v. State. 25 S. W. 287; Mathews v. State, 31 S. W. 381; Passmore v. State, 15 S. W. 286; Ellenberg v. State, 35 S. W. 989; Quinn v. State, 84 S. W. .505; State v. Hohn, 87 S. W. 1006; Marthall v. State, 36 S. W. 1062; Laco v. State, 38 S. W. 176; Clark v. State, 45 S. W. 696; Graybill v. State, 72 S. W. 395; Coffee v. State, 76 S. W. 761; Caddell v. State, 70 S. W. 91; Warren v. State, 103 S. W. 888; Williams v. State, 113 S. W. 799; Moore v. State, 48 N. W. 653; State v. Kendall, 34 N. W. 843; State v. Biggs, 61 N. W. 417; Hairston v. State, 32 S. E. 797; Dorsey v. State, 34 S. E. 135; Hollister v. State, 59 N. E. 847; Newman v. State, 79 N. E. 80; Franey v. State, 71 N. E. 443; Stevens v. People, 41 N. E. 858; Green v. State, 7 Southern, 326; Jones v. State, 8 Southern, 383; State v. McCune, 51 Pac. 818; Herrick v. Territory, 99 Pac. 1096; State v. Priestly, 74 Mo. 24; State v. Neely, 21 Am. Rep. 496; Johnson v. State, 63 Ga. 355; Charles v. State, 11 Am. St. Rep. 386; State v. Kendall, 5 Am. St. Rep. 679; Com. v. Merrell, 77 A. D. 336; Blannett v. State, 8 Ohio Cir. Ct. R. 313; Thompson v. State, 43 Tex. 583; Irving v. State, 9 Tex. App. 66; Topolpeck v. State, 40 Tex. 160; House v. State, 9 Tex. App. 567; Hamilton v. State,

11 Tex. App. 119; Robertson v. State, 17 S. W. 1668; Shields v. State, 23 S. W. 893; Porter v. State, 26 S. W. 626; Price v. State, 35 S. W. 988; O'Brien v. State, 46 S. W. 969; Peterson v. State, 14 Tex. App. 162; Jones v. State, 18 Tex, App. 485; Dickey v. State, 2 S. W. 809; Thompson v. State, 41 Tex. 583; Saddler v. State, 12 Tex. App. 194; Sanford v. State, 12 Tex. App. 196; State v. Donovan, 16 N. W. 206.

GEORGE C. TAYLOR, Assistant Attorney General, for the State.

The evidence is sufficient to establish the intent to rape.

Texas and New Mexico cases cited by appellant distinguished.

33 Cyc. 1434; State v. Bagan, 43 N. W. 5; State v. Shroyer, 24 Am. St. R. 344; State v. Boon, 57 Am. Dec. 555; State v. Hartigan, 78 Am. D. 609; 2 Bish. Cr. L. 939; State v. Cross, 79 Am. D. 519; Jackson v. State, 44. Am. S. R. 25; People v. Carlson, 136 Am. St. R. 447; State v. Dalton, 17 S. W. 700; State v. Atherton, 32 Am. D. 134; People v. Marrs, 84 N. W. 284; Golver v. Comm., 86 Va. 382; State v. Neal, 90 Pac. 860; People v. Stewart, 32 Pac. 8; Terr. v. Edie, 6 N. M. 556; State v. Tamler, 9 L. R. A. 583; State v. Padilla, 18 N. M. 573.

### OPINION OF THE COURT.

PARKER, J. Appellant was tried and convicted in the district court of Chaves county of assault with intent to rape one Mary Booth. The principal ground relied upon for reversal in this court is that the verdict of the jury was not warranted by the evidence, in that there was no evidence tending to show that the accused intended to have intercourse with the prosecutrix by force and against her will. The law is well settled that in order to convict a man of assault with intent to rape,

the state must establish by the evidence, to the satisfaction of the jury and beyond a reasonable doubt, that the accused intended to have intercourse with the female by force and against her will, and that he not only used force where an assault is charged, but used such force with the intention at the time to have sexual intercourse with her in defiance of, and notwithstanding, any resistance she might make. 33 Cyc. 1432.

We will not undertake to set forth the evidence of the prosecutrix, upon which alone appellant was convicted. It is sufficient to say that it failed to establish that the appellant intended to have intercourse with her by force and against her will. It was not as convincing as the proof in the cases of Eiley v. State, 55 Tex. Cr. R. 1, 114 S. W. 793; Marshall v. State, 34 Tex. Cr. R. 22, 36 S. W. 1062; State v. Donovan, 61 Iowa, 369, 16 N. W. 130; Steinke v. State, 33 Tex. Cr. R. 65, 24 S. W. 909, 25 S. W. 287; Mathews v. State, 34 Tex. Cr. R. 479, 31 S. W. 381; State v. Owsley, 102 Mo. 678, 15 S. W. 137; State v. Priestley, 74 Mo. 24—held in each instance to be insufficient.

For the reasons stated the judgment will be reversed, with instructions to grant appellant a new trial; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

### SYLLABUS BY THE COURT.

