240 P.2d 228

**STATE v. COMPOS.**
No. 5474.

Supreme Court of New Mexico.
Jan. 25, 1952.

**McGHEE, Justice.**

The defendant was convicted of the crime of assault with intent to rape in violation of Sec. 41–610, N.M.S.A.1941 Compilation, and sentenced to serve not less than fifteen years and not more than twenty-five years in the penitentiary. He seeks a reversal of the judgment on account of the claimed failure of the evidence to sustain the verdict, and, in the alternative asks that the sentence be reduced.

The undisputed evidence shows the defendant entered the home of the prosecutrix, who lived in a rather isolated section of Silver City with her two children (a daughter of the age of about 7 years and a son of the age of 8 years), and that he entered her home about midnight without permission; when asked by the prosecutrix what he was doing there he stated he wanted to perform a lascivious act upon her person (other than intercourse); he refused to leave when ordered to do so; he took the telephone from the prosecutrix when she attempted to call the officers, and forced her to a couch on which she stood while he held her and was tearing her clothing from her body when her son came into the room and called the officers. The prosecutrix had bitten the defendant on one shoulder while she was struggling with him for the telephone, and he did not cease his efforts and leave until the son had completed the telephone call.

Edison C. Serna, Silver City, Graham & Scheunemann, Denver, Colo., for appellant.

Joe L. Martinez, Atty. Gen., Frank B. Zinn, Asst. Atty. Gen., for appellee.

It is the contention of the defendant his statement of a desire or intention to commit the lascivious act above mentioned and his acts negative the claim of the state that he intended to force the prosecutrix to have sexual intercourse with him, admittedly a necessary element of the crime of assault with intent to rape. He relies strongly on the case of State v. Duckett, 24 N.M. 28, 172 P. 189, where it is said: "* * * The law is well settled that in order to convict a man of assault with intent to rape, the state must establish by the evidence, to the satisfaction of the jury and beyond a reasonable doubt, that the accused intended to have intercourse with the female by force and against her will, and that he not only used force where an assault is charged, but used such force with the intention at the time to have sexual intercourse with her in defiance of, and notwithstanding, any resistance she might make."

This rule has not been modified or overruled, and we accept it as the proper yardstick in this case. There is no comparison in the force used in the Duckett case and this one.

In State v. Phipps, 47 N.M. 316, 142 P.2d 550, the defendant sought the reversal of a conviction for having a female minor in his possession for the purpose of sexual intercourse in violation of Sec. 41–3909, N.M.S.A.1941 Compilation, and made almost the identical defense as here urged; that is, that the evidence showed that he had committed a lascivious act upon a private of the prosecutrix on several occasions and that he had not had sexual intercourse with her. There the jury was instructed that before the defendant could be convicted it must find from the evidence beyond a reasonable doubt the defendant had the prosecutrix in his possession with the intent of having sexual intercourse with her. The instruction on intent in the Phipps case was practically identical with the one given in this case, and the conviction was upheld.

Under the evidence in the case the jury could well have believed the announced intention of the defendant was only a preliminary matter, and it was justified in finding the defendant assaulted her with intent to commit the crime of rape upon her, and would have accomplished such purpose had it not been for the awakening of the young son and his act in telephoning the officers who promptly arrested the defendant a short distance from the home of the prosecutrix.

The defendant asks us in the event we hold the evidence is sufficient to support the verdict to reduce his sentence,

saying the one imposed is excessive in view, of the acts committed by him.

Sec. 41–610, N.M.S.A.1941 Compilation, reads as follows: "If any person shall assault a female with intent to commit the crime of rape, he shall be punished by imprisonment for not more than fifty (50) years, in the discretion of the court."

In State v. Jackson, 30 N.M. 309, 233 P. 49, we discussed the question of whether we had the power to reduce a sentence but did not decide the question, saying it did not appear the trial court had abused its discretion in that case in view of the record. We so view the record in this case. The minimum sentence was less than a third of the maximum which could have been imposed, and the claim it should be reduced does not impress us. Out of state counsel who wrote the brief for the defendant are evidently unacquainted with the liberal policy which prevails in this state of giving prisoners time off their sentences for good behavior and liberal commutations in addition.

The judgment will be affirmed.
It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.