STATE of Missouri, Respondent,

v.

William F. CROUCH, Appellant.

No. 46765.

Supreme Court of Missouri,

Division No. 1.

Oct. 13, 1958.

---

William F. Crouch, pro se.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

It was charged in the information in this case that defendant, William F. Crouch, while lawfully confined in the Missouri

State Penitentiary, attempted to escape therefrom by placing an iron hook attached to a braided leather rope over the top of the wall of said penitentiary, and that he used the rope to climb upon the wall but failed in the perpetration of said offense. A jury found defendant guilty of the offense charged and fixed his punishment at imprisonment in the penitentiary for a term of two years. Defendant has appealed. In his brief he raises but one point, which is that the judgment and sentence of two years' imprisonment "is in excess of the punishment provided for by statute, Section 556.150, subsection 3, supra, for the crime committed." Since that is the only point for our decision, no purpose would be served in stating the evidence adduced at the trial.

The escape of a person confined in the penitentiary "without being guilty of breaking such prison" is made an offense by the terms of Section 557.370 (all statutory references are to RSMo 1949, V.A.M.S. unless otherwise indicated) and the punishment is fixed at "imprisonment in the penitentiary for a term not exceeding three years, to commence at the expiration of the original term of imprisonment." The punishment for an attempt to commit said offense is governed by Section 556.150 which provides the punishment for all convictions for attempts to commit offenses where no other provision is made by law for the punishment thereof. Section 556.150(3) provides as follows: "If the offense so attempted be punishable by imprisonment in the penitentiary, and a maximum punishment be prescribed therefor, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one-half of the longest time prescribed for such offense * * *." It will therefore be noted that a literal application of the quoted formula would provide a maximum punishment for the instant offense of one and one-half years' imprisonment in the penitentiary. However, in that connection, we are met with the provision in Section 546.490 to the effect that "no person shall in any case be sentenced to imprisonment in the penitentiary for any term less than two years." The reason for the defendant's contention in this case thus becomes apparent.

The only punishment specified in Section 556.150(3) is *imprisonment in the penitentiary*. As noted, Section 546.490 provides that no person shall be sentenced to the penitentiary for less than two years. If we consider only Sections 557.370 and 556.150(3), the range of punishment in the case before us would be from one day to eighteen months' imprisonment in the penitentiary. The maximum in that event would be six months less than the minimum provided for under the provisions of Section 546.490.

It is obvious that Sections 556.150(3) and Section 546.490 are in pari materia and hence should be construed together. In construing statutes which appear to be in conflict it is the duty of the court to harmonize them, if possible, with the general legislative purpose and give force and effect to each. Pree v. Board of Trustees, etc., 363 Mo. 1131, 257 S.W.2d 685. In connection with our consideration of the foregoing statutes, we note that there are numerous criminal statutes in this state in which the penalty is stated as imprisonment in the penitentiary for not more than a maximum number of years without specifically designating the minimum punishment. In cases arising under those statutes, we have uniformly held that the trial court did not err in instructing the jury that the minimum punishment was two years' imprisonment in the penitentiary. Those cases are based on the theory that the section providing for a minimum sentence of two years (now 546.490) is applicable in every case where a statute provides a punishment of imprisonment in the penitentiary but no minimum term is stated. In one of the older cases it is stated that "It would have been entirely useless to have fixed the minimum punishment for such offenses in every section of

the statute prescribing punishment for crimes punishable by imprisonment in the penitentiary, when it could as well be done by one general provision." State v. Scholl, 130 Mo. 396, 32 S.W. 968, 969. See also State v. Griffin, 320 Mo. 288, 6 S.W.2d 866; State v. Carlson, 325 Mo. 698, 29 S.W.2d 135; State v. Burns, 351 Mo. 163, 172 S.W.2d 259; State v. Michels, Mo.Sup., 255 S.W.2d 760; State v. Whitaker, Mo. Sup., 275 S.W.2d 322; State v. Haney, Mo. Sup., 284 S.W.2d 417.

In State v. Michels, supra, we stated that "There is no substance in the contention that § 560.160, prescribing punishment for grand larceny (as "not exceeding" a certain number of years' imprisonment in the penitentiary, but fixing no minimum), is a special statute, thus controlling over, and rendering inapplicable, the provisions of section 546.490 (that "no person shall in any case be sentenced to imprisonment in the penitentiary for any term less than two years") under defendant's theory that the latter is a general statute." 255 S.W.2d loc. cit. 765. In the Whitaker case, supra, we applied the minimum sentence provision of Section 546.490 to Section 556.150(3), the very section now under consideration. That was a prosecution for an attempt to commit burglary in the first degree. Under Section 556.150(3) the maximum punishment for that offense was ten years' imprisonment. We held that since the offense was a felony punishable only by imprisonment in the penitentiary, the two general statutes (Sections 556.150(3) and 546.490) should be construed together with the result that the minimum punishment for the offense would be two years' imprisonment in the penitentiary. While in that case the calculation of the penalty under the terms of Section 556.150(3) did not result in any conflict with the provisions of Section 546.490, such as we have in the case before us, it would, nevertheless, appear reasonable to say that if the minimum imprisonment provision of the latter section is to be read into and become a part of Section 556.150(3), and thus govern the mini-

mum punishment that may be assessed in one case, it should likewise be applicable to all cases that come within the terms of that section.

In the instant case the trial court instructed the jury that if it found defendant guilty it should assess his punishment at two years' imprisonment in the penitentiary. If we should conclude that Section 546.490 is not controlling as to the minimum punishment in this case, then on another trial the jury would be permitted to fix the punishment at imprisonment in the penitentiary for any term from one day to eighteen months. That would clearly be contrary to the established policy of this state that has existed for more than a century.

In our efforts to determine the legislative intent in regard to these statutes we have made a study of the historical background of these sections. Section 546.490 was originally enacted in 1835, and the portion thereof, "but no person shall, in any case, be sentenced to imprisonment in the penitentiary for any term less than two years," has remained in force without change from that date until the present time. See RSMo 1835, p. 213, Section 10. The same legislative act contained a section providing the punishment for attempts which was the original of what is now 556.150. RSMo 1835, p. 211, Section 1. That section, however, contained two provisions that were obviously designed to prevent the development of a situation such as we are now dealing with. They were: *"Second,* If the offence so attempted, be punishable by imprisonment in the penitentiary for four years or more, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one half of the longest time of imprisonment prescribed upon a conviction for the offence so attempted. *Third,* If the offence so attempted, be punishable either by imprisonment in the penitentiary for a term less than four years, or in a county jail, the person so convicted of such at-

tempt shall be punished by imprisonment in the county jail not exceeding one year."

We think it quite significant, however, that in the revision session of 1845 the two quoted subsections were amended by striking from subsection "Second" the words "for four years or more" and from subsection "Third" the words "for a term less than four years" so that the provision applicable to a case where the offense attempted was punishable solely by imprisonment in the penitentiary became substantially the same as it is today. And, it is likewise significant that in the same revision bill the section providing for a minimum sentence of two years in the penitentiary was re-enacted. See RSMo 1845, Section 1, p. 408, and Section 10, p. 410. Since that legislature repealed the provision which specified that the punishment would be a jail sentence in the event the term of imprisonment in the penitentiary was less than four years (the situation existing in the instant case), and in the same bill re-enacted the provision that "no person shall in any case be sentenced to imprisonment in the penitentiary for any term less than two years," it seems to us that the conclusion is compelled that the Thirteenth General Assembly (1844–45) intended that the two-year minimum would thereafter apply in all cases of conviction for an attempt to commit an offense where the offense so attempted was punishable solely by imprisonment in the penitentiary for a term of years.

■ What we have heretofore said will indicate our view that the judgment and sentence of two years' imprisonment in the penitentiary was the only punishment that could legally have been assessed in this case, and hence was not in excess of the punishment provided by law.

An examination of that part of the record relating to matters not required to be preserved in the motion for new trial or presented in the brief discloses no error. The judgment is affirmed.

VAN OSDOL, C., concurs.

COIL, C., dissents.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.