# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1898.

---

( *Continued from Volume 145.* )

---

### THE STATE v. CARR, *Appellant.*

#### Division Two, November 7, 1898.

1. **Burglary**: ATTEMPT. Where the jury from the evidence may well have found the defendant guilty of an attempt to commit burglary—a breaking without the entering—and such was its finding, the judgment will not be disturbed on the claim that the burglary was complete.·

2. ———: FORMER CONVICTION: INSTRUCTION. It was not error to instruct the jury that they should consider the former conviction of defendant and his three years service in the penitentiary, *solely* for the purpose of discrediting him as a witness and for the fixing·of his punishment.

3. ———: ———: PUNISHMENT. In this case defendant was indicted for burglary in the second degree as an habitual criminal, and was convicted and sentenced to the penitentiary for ten years, and this judgment is permitted to stand.

*Appeal from St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

AFFIRMED.

*L. A. McGinnis* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. (2) The court erred in instructing the jury that they should consider the evidence as to a former conviction, either for the purpose of fixing the punishment, or, for the purpose of discrediting the defendant as a witness. (3) The court erred in instructing the jury for attempted burglary when the evidence shows the offense was complete.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Where there is evidence of any materiality showing or tending to impute guilt, the court will not interfere on the ground of want of testimony to support the verdict. *State v. Banks*, 118 Mo. 117; *State v. Thomas*, 78 Mo. 329; *State v. Pettit*, 119 Mo. 410; *State v. Green*, 117 Mo. 298. (2) The evidence of the former conviction shows that defendant was proven guilty and convicted of an infamous crime, and such evidence is always admissible for the purpose of discrediting a witness' testimony. It may also be said that inasmuch as the defendant was indicted upon the charge of burglary, and having been previously convicted of a felony and served a term in the penitentiary, it was and became necessary for the court to instruct them that they should consider the evidence of the former conviction in determining the necessary and proper punishment to be imposed upon him. (3) An

examination of the evidence discloses the fact that it is questionable whether or not burglary in fact was committed. It, however, does disclose that there was an attempt at burglary. Therefore, it devolved upon and became the plain duty of the court to give an instruction upon an attempt at burglary, and error would have been committed had it not been given. *State v. Frank*, 103 Mo. 120; *State v. Montgomery*, 109 Mo. 646; Kelley's Criminal Law, sec. 1092.

GANTT, P. J.—At the April term, 1897, of the circuit court of the city of St. Louis, defendant was indicted for burglary in the second degree as an habitual criminal, and was convicted and sentenced to the penitentiary for ten years.

The indictment is in all respects sufficient to charge both the burglary, and that defendant was an habitual criminal. *State v. Austin*, 113 Mo. 538.

No error is perceived or assigned upon the record proper.

It is insisted, first, that there was no evidence to sustain the charge in the indictment. We can not assent to this. It was established beyond all doubt that the door of the drugstore of Albert McFarland on the southwest corner of Fifteenth street and Washington avenue, was broken on the morning of May 9, 1897, about 3 o'clock. This door was locked with an ordinary lock, and secured by a crossbar fastened on either end by screws, by Mr. McFarland, about 10 o'clock on the night of the eighth. About one half hour before it was discovered to be broken, the nightwatch had passed, and tried it, and found it all right. About a quarter of an hour later two police officers going east on Washington avenue, noticed a man on the north side of Washington avenue, just opposite the north door of the drugstore in question. When he

discovered them he crossed the avenue south, and met two other men, one of whom was defendant. These two came along the west side of Fifteenth street, and from the immediate vicinity of the broken door. They saw the officers, and without being challenged, all three broke and ran south and along the east side of Fifteenth street. The officers pursued and fired a shot, whereupon defendant halted, but the other two escaped. The nightwatch hearing the shot came to the officers and was told to examine the door while they took the defendant to the holdover. The nightwatch discovered the door broken open, and went after McFarland. They could not state that anything had been stolen from the store.

The defendant was shown to have been convicted of burglary and sentenced to the penitentiary for three years in 1892. He testified he had served his time. Under these circumstances we think there was evidence upon which the jury might well have found that defendant and his associate had broken the door, and had been warned, by the third man, of the approach of the officers and fled. The undisputed fact of the breaking, his presence in the immediate vicinity of the crime, and the short time which had elapsed since the nightwatch had examined the door and found it locked, and the suspicious fact of his prowling in the streets at 3 o'clock in the morning and his guilty flight, all combined, make a very satisfactory case.

As to the proposition that the burglary was complete, and the jury erred in finding defendant guilty of an attempt to commit burglary, we think the jury might well have found the breaking without the entering and their verdict will not be disturbed on that ground.

There was no error in the instruction in which the court advised the jury that they should consider the

former conviction of burglary *solely* for the purpose of discrediting the defendant as a witness and for the fixing of his punishment.    It was competent for those purposes and for those only.

The judgment of the former conviction was rendered in 1892, and was for three years and defendant testified he had served his sentence.    There is no error in the record and the sentence is affirmed.

SHERWOOD and BURGESS, JJ., concur.