J. H. ROSKILLY, Respondent, v. D. H. STEIGERS, Appellant.

**St. Louis Court of Appeals, November 25, 1902.**

1. **Express Contract: QUANTUM MERUIT: PRACTICE, TRIAL.** Where there is an express contract for the construction of a side-walk, the plaintiff can not abandon the contract and recover on a *quantum meruit* unless he can show that the work, labor and materials furnished in the construction of the walk was of value to the defendant as constructed.

2. ———: ———: **EVIDENCE: PRACTICE, TRIAL.** Where the evidence is that defendant daily used a sidewalk which he had contracted to have constructed for him, and that he exercised dominion over it by refusing to permit plaintiff to remove the defective blocks and put in perfect ones in their stead, it is sufficient to submit the question to the jury as to whether the walk was of some value to him.

3. **Practice, Appellate: WEIGHT OF EVIDENCE.** The weight of the evidence is not a debatable question in the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*E. C. Slevin* for appellant.

(1) In order to entitle the plaintiff to recover in this action upon *quantum meruit,* it was incumbent upon him to show, first, that the materials and work furnished by him were of value to the defendant owner, and were by him accepted and retained. Yates v. Ballentine, 56 Mo. 530; Eyerman v. Cemetery Ass'n, 61 Mo. 489; West v. Freeman, 76 Mo. App. 96. (2) One who undertakes to do work under a written contract must perform the work in accordance with the terms of his contract, and if he deviates from these terms

in such manner and to such extent that the completed work is fatally defective and unsightly, the owner or contractee may properly refuse to accept the work, and it is a question for the jury to determine whether or not the work was done in accordance with the terms of the contract. Smith v. Brady, 17 N. Y. 173; Haysler v. Owen, 61 Mo. 275; Halpin v. Manny, 33 Mo. App. 388.

*W. H. Clopton* for respondent.

(1) No set-off nor counterclaim were pleaded in the justice's court. Therefore defendant can not insist that the work was not done according to the written contract offered in evidence. Stephens v. Koken Barber Supply Co., 67 Mo. App. 587; Gantt v. Duffy, 71 Mo. App. 93. (2) There was an acceptance of the work. Defendant is using the pavement to-day, and the evidence showed that it will last one hundred years. Yates v. Ballentine, 56 Mo. 530.

BLAND, P. J.—On October 9, 1899, the Standard Granite Company, represented by plaintiff, contracted in writing with defendant to construct for defendant a granitoid sidewalk in front of his premises on Cook and Pendleton avenues, in the city of St. Louis, at sixteen cents per square foot, or for $134.40; excavation to be twelve inches below surface of pavement, filled with eight inches of cinders, well rammed; bottom three and one-half inches granite and Portland cement, top one-half inch sifted granite and Portland cement; work to be first-class in every particular.

Plaintiff constructed a granitoid sidewalk on the premises but it was not in every respect up to the contract and defendant refused to pay for it. Some of the blocks cracked. Plaintiff offered to take out the defective blocks and to replace them with perfect ones. This, defendant refused to permit him to do unless he would give bond for double the contract price of the work. Plaintiff refused to make such a bond and sued

defendant before a justice of the peace for the value
of the work and labor in laying the walk and of the
material used in its construction. Judgment was given
by the justice for the plaintiff from which defendant
appealed to the circuit court where, on a trial anew,
plaintiff again recovered judgment from which defend-
ant duly appealed here. .

The court refused the following instructions asked
by defendant:

"1.   The court instructs the jury that, under the
law and the evidence, the plaintiff is not 'entitled to
recover in this action.

"3.   If the jury find from the evidence that plain-
.tiff entered into a contract in writing with defendant
to lay a granitoid pavement in front of defendant's
property, then they are instructed that the terms of
said contract govern the performance of said work;
and if they should find from the evidence that the work
done by plaintiff was not in accordance with the terms
of said written contract, and for this reason the said
pavement was rejected by defendant and he refused to
accept the same, then they will find for defendant."

The court gave the following instruction for plain-
tiff:

"The court instructs the jury that if they believe,
from the evidence, that plaintiff laid a granitoid pave-
ment on the pavement in front of and around defend-
ant's house on Pendleton avenue, in the city of St.
Louis, containing 956 square feet, at the instance and
request of defendant, and that defendant has been using
said pavement since its completion, then the jury may
find for the plaintiff such sum as they may believe,
from the evidence, the said pavement was worth, if
anything, in October, 1899, with interest at the rate of
six per cent per annum from the date they may find,
from the evidence, the plaintiff presented his bill to
defendant for payment."

The court gave the following instruction for de-
fendant:

"The court instructs the jury that to entitle the

plaintiff to recover from defendant in this action, he must show that the work performed and the materials furnished by him were of value to defendant, and were accepted and retained by him.''

There being an express contract for the construction of the sidewalk, the plaintiff could not abandon the contract and recover on a *quantum meruit* unless he could show that the work, labor and material furnished in the construction of the walk was of value to the defendant as constructed. Yeates et al. v. Ballentine, 56 Mo. 530; Eyerman v. Mt. Sinai Cemetery Ass'n, 61 Mo. 489; Warder v. Seitz, 157 Mo. l. c. 148; Keith v. Ridge, 146 Mo. l. c. 97; West v. Freeman, 76 Mo. App. (K. C.) 97. Defendant does not dispute this equitable doctrine of the law. His contention is that he did not accept the sidewalk.

Under the charter of the city of St. Louis, the burden of constructing a sidewalk on the premises rested on the defendant. The evidence is that he used it daily and that he assumed dominion over it by refusing to permit plaintiff to remove the defective blocks and put in perfect ones in their stead. This was some evidence that defendant claimed the walk and used it, certainly sufficient to authorize the court to submit the question to the jury, who found that defendant did claim the walk, made use of it and that it was of value to him. By this finding he is concluded here, the weight of the evidence not being a debatable question with us.

The court committed no error by refusing instruction number one asked by defendant. Number three would have been appropriate had plaintiff sued on the contract, but was inappropriate to the suit as brought.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.