THE STATE v. PHILLIP MILLER, Appellant.—18 S. W. (2d) 492.

Division Two, June 4, 1929.

*T. L. Montgomery* and *J. S. Tall* for appellant.

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

HENWOOD, C.—The defendant was charged, in the Circuit Court of Clark County, with stealing certain parts and equipments of an automobile, of the value of $50 or more. Upon trial, the jury returned the following verdict:

"We, the jury find the defendant guilty of attempt grand larceny and assess his punishment at two years in the penitentiary with clemency."

He was sentenced to imprisonment in the penitentiary for two years, and appealed.

I. The transcript of the record proper shows the filing of an information by the prosecuting attorney, by which the defendant was charged with stealing certain parts and equipments of an automobile, of the value of $50 or more; that defendant waived formal arraignment and entered a plea of not guilty; that, upon trial to a jury, he was found guilty of "attempt grand larceny" and his punishment assessed at "two years in the penitentiary with clemency;" that he filed a motion for a new trial and said motion was overruled; that, upon allocution, he was sentenced to imprisonment in the penitentiary for two years, and judgment was entered accordingly; and that he filed "an affidavit for appeal" and was allowed an appeal to this court. Appended to the transcript of the record proper is the certificate of the Clerk of the Circuit Court of Clark County, in which the clerk certifies that it is a "full, true and complete transcript of the record and proceedings in the above-entitled cause." The proceedings of record so certified are properly preserved for our review. [State v. Keller, 304 Mo. 1. c. 70, 263 S. W. 1. c. 173.]

Attached to the transcript of the record proper is what purports to be a bill of exceptions and the same purports to have been signed by Walter A. Higbee, Judge of the 37th Judicial Circuit. The first and last pages of said purported bill of exceptions are stamped as follows: "Filed Dec. 5, 1928. Harry H. Lewis Clerk Circuit Court." And the transcript of the record proper, referring to the proceedings had on December 5, 1928, contains the following recital: "Now on this day comes the parties hereto and present to the court their Bill of Exceptions, which is this day seen, signed and sealed by W. A. Higbee, Judge of the Circuit Court." However, the transcript of the record proper fails to show that a bill of exceptions was ever filed in the trial court. Furthermore, said purported bill of exceptions has not appended to it, nor does it anywhere contain, a certificate of the Clerk of the Circuit Court of Clark County as to its genuineness, correctness or authenticity. The purported bill of exceptions does not authenticate itself, and, in the absence of a record entry showing that it was filed and a certificate of the clerk as to its correctness and authenticity, we are precluded from considering the matters of exception purporting to have been preserved thereby. [Sec. 4102, Laws 1925, p. 199, and Sec. 4103, R. S. 1919; State v. White, 315 Mo. 1276, 288 S. W. 18 (Court en Banc); State v. Kelsay, 18 S. W. (2d) 491.]

II.   We now proceed to a consideration of the record proper, which, as above indicated, is properly before us.  No attack is made on the information, and our examination discloses that it is entirely sufficient in form and substance, in charging the defendant with feloniously stealing certain parts and equipments of an automobile.  [Sec. 29, Laws 1921 (Ex. Sess.), p. 105.]  It is contended that, under this statute, a person cannot be charged with feloniously stealing parts and equipments of an automobile and be convicted of an attempt to commit that offense.  The statute reads as follows:

"Sec. 29.   (a)   Any person who shall be convicted of feloniously stealing, taking or carrying away any motor vehicle, or any part, tire or equipment of a motor vehicle of a value of $30 or more, or any person who shall be convicted of attempting to feloniously steal, take or carry away any such motor vehicle, part, tire or equipment, shall be guilty of a felony and shall be punished by imprisonment in the penitentiary for a term not exceeding twenty-five years or by confinement in the county jail not exceeding one year, or by fine not exceeding one thousand dollars ($1,000) or by both such fine and imprisonment."

It is true, as learned counsel contend, that the two offenses mentioned are separate and distinct offenses, and that this statute places them in the same class as to the punishment that may be imposed. But, from this, it does not follow that a person cannot be convicted of an attempt to commit a larceny of this character when charged with the actual commission of such a larceny.  Section 3693, Revised Statutes 1919, after providing that a person charged with a felonious assault may be convicted of a lesser offense, says: "and *in all other cases,* whether prosecuted by indictment, information or before a justice of the peace, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of *any offense, the commission of which is necessarily included in that charged against him."*  (Our italics.)  An attempt to commit a certain crime is "necessarily included" in the commission of that crime.  A person cannot commit any crime without attempting to do so.  [See also Secs. 3683 and 3694, R. S. 1919.]  Nor do the statutes, which authorize such convictions, violate the constitutional provision that the accused must be advised of "the nature and cause of the accusation."  [Sec. 22, Art. II, Const. of Mo.]  For the reason above stated, proof of a specific offense necessarily embraces proof of an attempt to commit such offense.  And, therefore, an indictment or information in which a specific offense is charged necessarily advises the person so charged that he or she may be confronted with proof of his or her attempt to commit such offense.

We find no error in the record proper. The judgment is accordingly affirmed. *Davis* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.