**STATE of Missouri, Plaintiff-Respondent,**

v.

**Vernie Lee WHITAKER and Lee Taylor,
Defendants-Appellants.**

No. 44537.

Supreme Court of Missouri.
Division No. 2.

Feb. 14, 1955.

Tom A. Shockley, Waynesville, for appellants.

John M. Dalton, Atty. Gen., David Donnelly, Special Asst. Atty. Gen., for plaintiff-respondent.

**BARRETT, Commissioner.**

Upon a charge of burglary in the first degree the appellants, Vernie Lee Whitaker and Lee Taylor, have been found guilty "of an attempt to commit burglary of a dwelling house in the first degree" and sentenced to imprisonment in the penitentiary for a term of two years. In conformity with their motion for a new trial the appellants make two points; first, that the evidence adduced upon their trial is wholly insufficient to sustain a conviction and, second, that they went to trial prepared to defend against a charge of having committed burglary in the first degree and, to their complete surprise and without the proper means of defending themselves, were compelled to face the charge of an attempt to commit burglary in the first degree.

In connection with the latter argument it is urged that the court prejudicially erred in that, after overruling the defendants' motion for an acquittal, the court instructed the jury "that there is no substantial evidence upon which the defendants, or either of them, in this case can be found guilty of feloniously and burglariously, forcibly breaking and entering the dwelling house," nevertheless "the jury may consider whether or not the defendants, or either of them, is guilty of an *attempt* to feloniously and burglariously, forcibly break and enter into said dwelling house." While the statutes relating to the various degrees and kinds of burglary, V.A.M.S. §§ 560.040 to 560.100, do not define or include the offense of an "attempt" to commit burglary, the appellants' argument overlooks the fact that a charge of burglary in the first degree includes an attempt to commit the offense and is punishable under another provision of the general statutes governing all offenses and their prosecution. V.A.M.S., Secs. 556.010 to 556.310. Section 556.230 provides that "Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense; *and in all other cases * * * the jury* or court *trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him.*" As far as applicable to this case Section 556.220 provides that "*Upon indictment for any offense consisting of different degrees,* as prescribed by this law, *the jury* may find the accused not guilty of the offense charged in the indictment, and *may find him guilty* of any degree of such offense inferior to that charged in the indictment, or *of an attempt to commit such offense, or any degree thereof; * *.*" In connection with these statutes, and to be particularly noted hereafter, Section 556.150 provides the punishment for one "who shall attempt to commit an offense prohibited by law," and in such attempt does any act toward the commission of the offense but fails in the perpetration or is prevented or intercepted and frustrated. Unquestionably the information properly charges the offense of burglary in the first degree, V.A.M.S. § 560.040, and that charge includes and authorizes, if supported by the evidence, a conviction, under the statutes, for an attempt to commit the offense. State v. Carr, 146 Mo. 1, 47 S.W. 790; State v. Frank, 103 Mo. 120, 15 S.W. 330; State v. Dalton, 106 Mo. 463, 17 S.W. 700; State v. Miller, 322 Mo. 1199, 18 S.W.2d 492. As has been pointed out heretofore, if State v. Alexander, 56 Mo. 131, is inconsistent with this view of the question, the case has been expressly overruled. State v. Young, 345 Mo. 407, 133 S.W.2d 404.

In proof of the offense the state's witnesses testified that Mr. and Mrs. Cottrell operate the C & B Cafe in Rolla and on May 4, 1954, lived in the three rooms to the rear of the restaurant. The doors and windows to the living quarters were closed and locked when Mr. and Mrs. Cottrell and their son went to bed about ten o'clock, the son sleeping in the back room and the father and mother in the middle room. About 12:45 on Tuesday morning Mrs. Cottrell was awakened by a "loud knocking against the door." She aroused her husband, telephoned the police and, as she hung up the receiver, heard a noise in the back, "going back through this alley" and "they was running back through this alley, someone was, and on top of the building." In a few seconds the police drove into the alley, "that is all blind in there, they can't get out, only come right out the way they had their lights shining in there." The police arrived in such a short time that one policeman "heard something run through the alley," south. When the officer stepped "up to the concrete slab" he saw a man on top of the C & B Cafe and the man ran toward the front of the cafe and disappeared for a few seconds. The officer ran to the front of the building, thinking the man had jumped over a fire wall, but a cab driver from across the street informed the officer that the man was on top of the roof. The officer returned to the rear of the building and from flashlights saw Whitaker on top of the building. Whitaker "still acted like he was going to jump," the officer fired a warning shot and told him "not to jump." With the aid of a ladder the officers removed Whitaker from the roof. At the police station a captain of police asked Whitaker "what he was doing" on the roof and Whitaker replied either that "he didn't know unless he planned to rob the place" or that "Oh, I don't know, I guess I was trying to rob the place." An examination of the doors and windows revealed that the lower hinge on the screen door to the middle room had been "jerked loose." There was a screen nailed over the rear window, and it had been torn loose and raised from the bottom to the height of a hole in the window

pane. There was a cardboard over the hole and a piece of paper off the cardboard had been "shoved off." In these briefly noted circumstances, there was substantial evidence from which the jury could find Whitaker guilty of an attempt to commit burglary in the first degree, there was evidence from which the jury could reasonably find an attempt to break and enter a dwelling in which there were three human beings and, circumstantially, his intent to commit a felony or a larceny. State v. Carr, supra; State v. Wall, 339 Mo. 111, 96 S.W.2d 36; State v. Shipman, 354 Mo. 265, 269, 189 S.W.2d 273, 275.

As to the appellant Taylor, however, the record presents a more difficult problem. The C & B Cafe is located at 205 West 9th Street in Rolla and there was an attempt to burglarize the cafe on Tuesday morning, May 4, 1954, about 12:45 o'clock in the morning. A police officer saw Whitaker and Taylor together on the evening of the third, about seven o'clock, at 8th and Rolla Streets, "across towards the Ritz Theatre" but they were not seen together again unless the fact can be inferred from the circumstances to be noted. When Mrs. Cottrell was awakened by the knocking at the door she went to the window and "looked out, took a glance and saw someone standing there." She "thought it was a soldier because of tan clothes. I thought if it was soldiers, they were back there drinking. So I went and looked and I took a good look and that is why I can identify the man." It does not appear whether Mrs. Cottrell had such previous acquaintance with Taylor that she knew him or could describe him, the inference is that she did not. In any event, on Thursday evening the policeman who had seen Whitaker and Taylor together at seven o'clock on May 3rd arrested Taylor at his home and brought him to the C & B Cafe and "put him outside of the window, and it was about the same height, and I identified him just like I did that night." When Mrs. Cottrell saw the man she identified as Taylor he was standing in front of the window and "approximately" three feet from it. There was no evidence of a con-

spiracy between Whitaker and Taylor, V.A.M.S. § 556.130; State v. Casey, Mo., 247 S.W. 114, to burglarize the cafe and there is no evidence that it was he who ran down the alley unless it be inferred from the fact that Mrs. Cottrell saw him outside the window and he was not there when the police arrived and was not seen again until arrested on Thursday. In State v. Carr, supra, the appellant was seen in the company of two other men in the immediate vicinity of a building that had just been burglarized, and, upon the approach of police officers, all three men "broke and ran" and it was held, in these circumstances, that there was substantial evidence to support the appellant's conviction of an attempt to commit burglary. But in this case, as to Taylor, in the absence of some evidence of a conspiracy and in the absence of some proof that it was Taylor who ran down the alley, all we have is his presence outside the window and his not being there when the police arrived. In contrast with his conduct in the companion case, State v. Whitaker & Taylor, Mo., 275 S.W.2d 316, and in contrast with State v. Wall, 339 Mo. 111, 96 S.W.2d 36, there was no deception on his part as to his knowledge of the burglary or as to the whereabouts of Whitaker. While the offense of an attempt is included in the charge of first degree burglary, V.A.M.S. §§ 556.220, 556.230, there is no fact or circumstance in this record from which it is a fair inference that Taylor did any act toward the commission of the burglary. 14 Am.Jur., Secs. 65, 68. "Every person who shall attempt to commit an offense prohibited by law, *and in such attempt shall do any act toward the commission of such offense,* but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall * * * be punished as follows: * * *." V.A.M.S. § 556.150. The circumstances of this record create a suspicion of Taylor's guilt but they are also consistent with his innocence and insufficient to support a conviction of an attempt to commit burglary in the first degree. State v. King, 174 Mo. 647, 74 S.W. 627; State v. Rutledge, 304 Mo. 32, 262 S.W. 718; State v. Casey, supra. In far more compelling circumstances it was held that the presence of the two defendants on a sidewalk, in the early morning hours, near a burglarized store was not sufficient evidence from which the jury could find their complicity with two other tramps then engaged in the commission of the burglary a few feet away. State v. DeWitt, 191 Mo. 51, 90 S.W. 77.

As indicated, the statutes relating to the degrees of burglary do not include an attempt to commit burglary, neither do they prescribe the punishment for an attempt. The punishment for an attempt to commit burglary in the first degree is governed by the third subdivision of Section 556.150 which prescribes the punishment for attempts to commit offenses in cases where no provision is made by law for the punishment of such attempts. By that section "If the offense so attempted be punishable by imprisonment in the penitentiary, and a maximum punishment be prescribed therefor, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one-half of the longest time prescribed for such offense, * * *." V.A.M.S. § 556.150(3). The punishment for burglary in the first degree is imprisonment in the penitentiary for a term of "not less than five nor more than twenty years." V.A.M.S. § 560.095(1). Thus, by reason of the statute, Sec. 556.150, fixing the punishment for attempts, the maximum punishment for a conviction of an attempt to commit burglary in the first degree is ten years, but neither this nor any other statute prescribes the minimum punishment. Neither is the minimum punishment made to depend upon the punishment which could have been inflicted had the jury found the appellant guilty of the principal offense. 15 Am.Jur., Sec. 521, p. 170. The jury returned a verdict fixing the punishment in this case at two years' imprisonment in the penitentiary and that sentence has been imposed by the court. The minimum punishment for burglary in the first degree is

326

five years, the statute governing attempts fixes a maximum punishment of ten years and the question "upon the record" before this court, Supreme Court Rule 28.02, 42 V.A.M.S.; V.A.M.S. § 547.270, is whether the verdict and sentence of two years' imprisonment in the penitentiary is the infliction of a punishment authorized or provided by law. The offense, unquestionably, is a felony, punishable only by imprisonment in the penitentiary, V.A.M.S. § 556.020, and "no person shall in any case be sentenced to imprisonment in the penitentiary for any term less that two years." V.A.M.S. § 546.490. There is no inconsistency in the latter statute and the statute fixing the maximum punishment for an attempt to commit burglary in the first degree, V.A.M.S. § 556.150(3), and, construing these two general statutes together, the minimum punishment for an attempt to commit burglary in the first degree, as the jury found and the court imposed, is two years' imprisonment in the penitentiary. State v. Scholl, 130 Mo. 396, 399, 32 S.W. 968; State v. Griffin, 320 Mo. 288, 6 S.W.2d 866; State v. Carlson, 325 Mo. 698, 29 S.W.2d 135.

All other matters not required to be presented and preserved in a motion for a new trial have been examined and the transcript shows complete compliance with respect to all questions necessary to be considered by this court upon the record before it. State v. Hayzlett, Mo., 265 S.W. 2d 321, 324–325. Accordingly, the judgment as to Lee Taylor is reversed and the judgment as to Vernie Lee Whitaker is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY and TIPTON, JJ., and BROADDUS, Special J., concur.