**STATE of Missouri, Respondent,**

**v.**

**Freddie Eugene BALL, Appellant.**

**No. 51919.**

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

**18**

glary in the second degree (Sec. 560.070) and grand stealing in connection with the burglary (Sec. 560.110) was found guilty on both charges. (Statutory references are to RSMo and V.A.M.S.) Defendant was sentenced to ten years' imprisonment for burglary and five years for grand stealing, to run consecutively, and has appealed from this judgment.

Defendant is represented on this appeal by counsel appointed after sentence and judgment in the Circuit Court as authorized by Criminal Rule 29.01(c), V.A.M.R. His claims of error asserted here are (1) Failure to appoint new counsel after verdict and prior to filing of motion for new trial and sentencing; (2) Admitting testimony of Mrs. Diedre Anne Davis, at one time a co-defendant, claiming she was incompetent to testify alleging she was coerced to testify.

As to the first, after the trial defendant's appointed counsel, Mr. C. J. Quimby, wrote him, as follows: "I did not prepare and file a Motion for New Trial because I can find no error in the proceedings. I could file what is called a shotgun motion, but it would be of no use because of Supreme Court rule of criminal procedure # 27.20 which requires such motion should be set forth with great detail and particularity in separate numbered paragraphs as specific grounds or causes, therefore their cases hold that simple statements in such a motion to the effect that verdict was against the evidence, against the weight of the evidence, against the law under the evidence are too general to preserve for anything for review by the Supreme Court, and I cannot give reason and facts to support such claims of error. For these reasons I do not consider it my duty, under my appointment as counsel to defend you in this case, to prepare and file a Motion for New Trial, but, in order to preserve any rights you may have and so that I may not be charged with neglect of my duty as appointed counsel, I have filed a Motion for Extension of Time, copy of which is herewith enclosed and I have

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Donald V. Nangle, Jefferson City, for appellant.

HYDE, Judge.

Defendant charged under the Habitual Criminal Statute (Sec. 556.280) with bur-

filed it with a copy of this letter as an exhibit in support of the motion, all within the original time limit, ten days from verdict."

A motion for new trial, which we consider was timely filed, preserved for appellate review the two above-stated claims of error and no other claims are suggested. The record shows the following: "Thereafter, on December 18, 1965, hearing on defendant's Motion for New Trial was had before the Honorable Sam C. Blair, Special Judge of the Circuit Court of Cole County, Missouri, with Mr. Byron L. Kinder, Prosecuting Attorney for Cole County, Jefferson City, Missouri, appearing for the State (plaintiff), and the defendant appears in person and by his attorney, C. J. Quimby, Attorney at Law, Jefferson City, Missouri, in open court, and said Motion for New Trial is presented to the Court; and the Court, having heard presentation of counsel, and having considered the same, overrules said motion." Mr. Quimby was the court-appointed counsel who represented defendant at the trial. Although defendant did file a motion for appointment of other counsel after defendant received Mr. Quimby's letter, no action was taken on this motion. As noted a motion for new trial was filed, not prepared by Mr. Quimby, but as shown by the above entry he did continue to represent defendant.

▬▬ Whether defendant was prejudiced by the court's failure to appoint other counsel, in our opinion, would depend upon whether there was any merit in the other claim of error made. We think this is true because if the court properly admitted the testimony of Mrs. Davis, defendant could not have been prejudiced by failure to appoint other counsel to present that contention after the trial. On any claim of neglect of counsel, there must be a showing that there was plain reversible error in the trial. State v. Maness, Mo., 408 S.W.2d 15, decided October 10, 1966, and cases therein cited. Our Canons of

Ethics provide: Rule 4.05: "It is the right of the lawyer to undertake the defense of a person accused of crime, regardless of his personal opinion as to the guilt of the accused; otherwise innocent persons, victims only of suspicious circumstances, might be denied proper defense. Having undertaken such defense, the lawyer is bound by all fair and honorable means, to present every defense that the law of the land permits, to the end that no person may be deprived of life or liberty, but by due process of law." Rule 4.04 requires that counsel "should always exert his best efforts in his (defendant's) behalf." Nevertheless, as stated in Rule 4.15: "In the judicial forum the client is entitled to the benefit of any and every remedy and defense that is authorized by the law of the land, and he may expect his lawyer to assert every such remedy or defense. But it is steadfastly to be borne in mind that the great trust of the lawyer is to be performed within and not without the bounds of the law. The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane. He must obey his own conscience and not that of his client." Rule 4.22 further admonishes that the conduct of the lawyer before the court should be characterized by candor and fairness. Thus, while a prisoner, indigent or otherwise, is entitled to his lawyer's best efforts, the lawyer is not required to surrender his integrity and self-respect and make claims known to be untenable or wholly false. We consider this to apply in criminal cases as well as all others and that a lawyer cannot be criticised for giving a client his honest views. Furthermore, we consider the trial counsel's view as to the question raised on this appeal to be correct.

▬▬ The cases cited in defendant's brief all recognize the general rule stated in State v. White, Mo.Sup., 126 S.W.2d 234, 235: "[T]hat an accomplice is a competent witness, notwithstanding the fact he may have made by arrangement by which, if he

turns state's evidence, he will not be prosecuted, if he has not agreed to testify in a particular way; but that such fact goes only to his credibility." We have had a statute, Sec. 546.280, now Criminal Rule 26.07, which provides: "When two or more persons shall be jointly indicted or prosecuted, the court may, at any time before the defendants have gone into their defense, direct any defendant to be discharged, that he may be a witness for the state." This also is a recognition of the competency of the testimony of an accomplice. Any immunity or promises offered to an accomplice to testify to the truth "might affect his credibility but not his competency as a witness." State v. Quinn, Mo.Sup., 142 S.W.2d 79, 81. Defendant's brief recognizes "an accomplice to a crime is ordinarily competent to testify." However, it is further stated in his brief: "If the witness went farther, and sought to convict a defendant, to testify untruthfully, or gave testimony of an uncreditable or contradictory nature which would support this showing, then a reviewing court should be inclined to consider the competency of the witness." Defendant claims Mrs. Davis had agreed to testify in a particular way for the State, without regard for the truth, arguing that because she was seventeen years old, pregnant and had first invoked her privilege not to testify under the Fifth Amendment but then testified against defendant to escape punishment. Of course, as we held in State v. Eaton, Mo.Sup., 280 S.W.2d 63, 65, 66, perjury connived at by a prosecuting attorney would constitute denial of due process.

We do not find any such situation of agreed untruthful testimony shown by this record because the testimony of Mrs. Davis was so strongly corroborated by other evidence. Her testimony was that she drove with defendant and one Preuitt in defendant's car from Columbia to Emma, in Saline County, on the afternoon of June 1, 1964. She testified they stopped at the Emma Creamery building that evening, where at defendant's direction, Preuitt got out and looked into the building; that they then went to Odessa and returned to Emma about midnight; that defendant and Preuitt went into the building while she stood by the door. Mrs. Davis further testified she heard hammering inside (a safe was pried open); that when the two men came out one of them was carrying a money box which he took to the car; and that they drove north out of town, on a rural road, then stopped and opened the box with a screw driver. The money (more than $500.00) was in a pouch in the box and there were also some checks in it. After taking the money and leaving the checks, the box was thrown out in the weeds. A witness Fischer, a resident of Emma, saw defendant standing by the Emma Creamery building that evening and also saw defendant's car with Mrs. Davis in it and the other man with them. He identified all of them in the courtroom. The money box and pouch with checks to the Creamery in it were found by the sheriff of Saline County at the place pointed out to him by Mrs. Davis. The lid and the money tray of the box were damaged and broken. Thus, defendant's car and all three persons, charged with the burglary, were identified as being in Emma, with the men looking over the Creamery building, earlier in the evening, as Mrs. Davis testified. Likewise, the money box, pouch and checks were found where Mrs. Davis said they were thrown after the burglary. Such corroboration strongly indicates the truth of her testimony. Defendant offered no evidence.

Furthermore, defendant's counsel made an extended, searching cross-examination of the identifying witness Fischer, with the aid of a transcript of his testimony given at defendant's preliminary hearing, in an effort to show material inconsistencies and contradictions in the testimony of this witness; and in his cross-examination of Mrs. Davis brought out a previous felony conviction and other matters to affect her credibility. We hold that Mrs. Davis was a competent witness and that her credibility was for the jury to determine. From our

reading of the record, our view is that defendant had a conscientious and diligent defense and that no prejudicial error in the trial appears. Our conclusion is that defendant had a fair trial, with proper assistance of counsel. We, therefore, find that defendant was not prejudiced by any lack of dilligence of counsel and that his constitutional rights were not violated.

A previous felony conviction, sentence and imprisonment therefor was admitted and affirmatively found by the court. We have examined the record as required by our Rules 28.02 and 28.08, V.A.M.R., and find it sufficient with respect to those matters therein specified.

The judgment is affirmed.

All concur.