**STATE of Missouri, Respondent,**

**v.**

**Freddie Eugene BALL, Appellant.**

**No. 53295.**

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

David C. Harrison, Jefferson City, for appellant.

SEILER, Judge.

On a motion to vacate, under Rule 27.26, V.A.M.R., defendant contends his conviction and sentence should be set aside (it was affirmed on original appeal in State

v. Ball (Mo.Sup.) 408 S.W.2d 17) on the ground the information for second degree burglary was fatally defective. He attacks the portion which alleges that he did " * * * break into and enter a certain building, namely a building owned and occupied by Emma Creamery Company, a Missouri corporation, located and situated in the City of Emma, Saline County, Missouri * * *" He bases this on the stipulation made at the hearing on the motion that there were, at the time of the offense, in fact three buildings in Emma [1] owned and occupied by Emma Creamery Company. Thus, he says, the information was "fatally indefinite" as to which building was involved, gave him insufficient information on which to base his defense, and prejudiced his substantial rights.

In the original trial, defendant filed no motion for a bill of particulars and offered no evidence. The state's evidence there on the point which now concerns us was that the west door to the creamery company office building in Emma had been forced open and also the safe, located next to the south wall in the main office.

After an evidentiary hearing on the motion to vacate, with defendant present and testifying and represented by appointed counsel who also represents him on this appeal, the trial court made detailed findings of fact and conclusions of law and overruled the motion to vacate, and defendant appealed. We affirm.

■ The allegation in the information as to the building being " * * * a certain building, namely a building owned and occupied by Emma Creamery Company * * *" is not so indefinite as to fail to inform defendant of the essential facts concerning this portion of the offense charged. One of the meanings of "certain" is "particular". There are many Missouri cases where burglary informations have been held sufficient using such language as "a certain store, shop, and building"; "a certain store building"; "a certain box car"; or "a certain smoke house and building".[2]

The offense charged in the information did not take place in Limbo. There had to be some particular building of the creamery involved in order for an offense to have occurred. If defendant believed he needed a more specific description as to location of the building to prepare his defense in the original trial he should have asked for it under Rule 24.03, but this recourse was waived by his failure to do so.

Defendant testified at the hearing on the motion to vacate that he did not learn until after his conviction that Emma Creamery Company actually owned and occupied three buildings in Emma. Even so, this is no ground for relief. Any defense defendant cared to make did not depend on whether he was or was not aware the creamery had three buildings in Emma. His knowledge on this point does not bear on whether he did or did not break and enter the particular building mentioned in evidence under the information. Nor does his knowledge or lack of knowledge alter the effect of the language used in the information. It still charged defendant according to its terms. We fail to see how his lack of knowledge as to how many buildings the creamery owned and occupied in Emma could or did handicap his defense and overrule this contention.

■ Defendant also contends the information is not sufficient to act as a bar against future prosecution for the same offense. There is no need, however, to consider whether the language used in the

1. According to the most recent U. S. Census, the population of Emma is 202 persons, of whom 140 are in Saline County and 62 in Lafayette County.

2. See, for example, State v. Grubbs, 316 Mo. 243, 289 S.W. 852; State v. Tipton, 307 Mo. 500, 271 S.W. 55; State v. Carr, 146 Mo. 1, 47 S.W. 790; State v. Crunkleton (Mo.Sup.) 278 S.W. 982; State v. Hanger (Mo.Sup.) 278 S.W. 986; State v. Reed (Mo.Sup.) 290 S.W. 145; State v. Dooly, 64 Mo. 146.

information would constitute a bar against future prosecution for burglary of any building in Emma on the date in question fitting the description of being "owned and occupied by Emma Creamery Company, a Missouri corporation", because the point has no practical significance so far as this defendant is concerned. The offense occurred June 1 or 2, 1964, and he would, in any event, by now be fully protected by the statute of limitations from any subsequent prosecution for the same offense, § 541.200, RSMo 1959, V.A.M.S.

Judgment affirmed.

All concur.