**STATE of Missouri, Plaintiff-Respondent,**

v.

**Stanley Roy MASON, Defendant-Appellant.**

**No. 35020.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 15, 1974.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 11, 1974.

Application to Transfer Denied April 8, 1974.

Graham LaBeaume, Public Defender Bureau, Robert C. Babione, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

Defendant-appellant, Stanley Roy Mason was charged with second degree burglary, tried, found guilty by a jury and the jury being unable to agree on punishment, sentenced by the court to four years in the department of corrections. § 560.070, RSMo.

He appeals and raises one issue—that the evidence was insufficient to make a case for the jury to sustain the conviction.

■ In testing the sufficiency of the evidence, the facts in evidence and the favorable inferences to be drawn therefrom must be considered in the light most favorable to the state and most favorable to the verdict of the jury, and all evidence and inferences to the contrary must be disregarded. State v. Watson, 350 S.W.2d 763, 766 (Mo.1961). It is not our function to substitute our judgment for that of the jury—we determine only whether the evidence was sufficient to make a submissible case.

The evidence shows that on May 17, 1972, Mr. James E. Beck was the owner of Sylvia's Clothing Store located at 798 Bayard Avenue in the City of St. Louis. On that evening at about 7:30 p. m. Mr. Beck closed his business for the day, locked the door and put a "two by four" behind the door and went out the "side to the grocery store." He stated that he locked the "clothing store from the inside." At approximately 2:00 a. m. on the morning of May 18, he was called by the police and returned to the store. The "two by four" was hanging down on one end, and there was a "piece of glass out"; the "glass was broken". There were "some shirts and some pants" missing valued at "between $450.00 maybe $475.00." Mr. Beck knew the defendant since he "grew up in the neighborhood." While Mr. Beck saw the defendant that morning of May 18, he did not see the defendant with any of the clothing.

The goods were never recovered.

Officer Carl Edwards testified that he was on duty that morning in a patrol car and received a call about a fire at Bayard and Hodiamont. When in sight of Sylvia's Clothing Store, he "observed three males coming out of the front door." The lights were on inside the store. When he saw

the three individuals coming out of the store, he stopped his vehicle and at that time the men began running. He jumped out of the car, identified himself as an officer, attempted to apprehend them, and was able to apprehend the defendant, Mason. The officer testified that Mason was one of the three men coming out of the store; that he was the second one out of the front door. Mason was running east. He indicated that Mason did not stop voluntarily and that it was necessary to stop him.

Although the place was tested for fingerprints, none were found. The officer further stated that the three men coming out of the store did not have anything in their hands and a search revealed nothing.

On cross-examination, the officer was confronted with his testimony at preliminary hearing where he answered "no" to a question, "He ran I take it?" But on redirect he stated that he had to chase the defendant and that the defendant did not stop when told to do so.

The defendant testified. He stated that at about 1:30 a. m. on the morning of the 18th he was at a friend's house and left there between "1:30 and quarter to 2:00." He went to a donut shop and then went toward home near the clothing store. He was with two friends and when he arrived at Hodiamont and Bayard, he saw Officer Edwards who got out of his car and called. He denied running from Officer Edwards or entering the store or breaking the window in the store door or taking anything from the store.

At the close of the evidence the defendant filed a motion for judgment of acquittal, which was overruled. Rule 26.10, V. A.M.R. The jury found the defendant guilty of burglary in the second degree. Post trial motions were overruled, the defendant was granted allocution and sentenced.

Appellant contends that the conviction and judgment must be set aside because the evidence is insufficient to sustain a conviction since there is no connection between appellant and the breaking into the premises or the stealing of the property. He relies on several decisions.[1]

He argues that mere presence at the time and place of the crime does not render a person guilty of an offense nor does mere presence when coupled with flight. And when a conviction is based on circumstantial evidence, the circumstances must be inconsistent with innocence and exclude every reasonable hypothesis of innocence.

It is well settled in this state that in order to sustain a conviction based on circumstantial evidence, the facts and circumstances must not only be consistent with each other and be consistent with the hypothesis of the defendant's guilt and inconsistent with innocence, but the circumstances must point satisfactorily to guilt and exclude every other reasonable hypothesis of innocence. State v. Burnley, *supra,* 480 S.W.2d at 881; State v. Walker, 365 S.W.2d 597, 601 (Mo.1963).

Evidence that an accused had an opportunity to commit an offense, or evidence which merely raises a suspicion is an insufficient basis for a conviction. And mere presence of an accused at the commission of a felony is also insufficient. While flight is a circumstance to be considered against an accused in connection with other evidence, presence and flight alone are insufficient to sustain a conviction. State v. Castaldi, *supra.*

The evidence shows that the defendant was one of three persons "coming

1. State v. Castaldi, 386 S.W.2d 392 (Mo. 1965); State v. Burnley, 480 S.W.2d 881 (Mo.1972); State v. Rogers, 380 S.W.2d 398 (Mo.1964); State v. Irby, 423 S.W.2d 800 (Mo.1968); State v. Allen, 420 S.W.2d 330 (Mo.1967); State v. Fowler, 473 S.W. 2d 353 (Mo.1971); and State v. Huff, 454 S.W.2d 920 (Mo.1970).

out of the front door", that he was the person in the middle of the three, that the time was an early hour of the morning when the store was closed, that the clothing store was locked the evening before by the owner, it had, in fact, been burglarized, and that the defendant fled so that it was necessary to stop him. No permission was given by the owner to enter the premises. Defendant's version of the incident was obviously rejected by the jury. Under these circumstances we cannot say that as a matter of law the evidence was insufficient to make a case. Not all of the evidence was circumstantial. This evidence does not involve mere presence (State v. Huff, *supra*) and flight; in addition to other facts, the defendant was seen coming out the front door at an early hour of the morning.

In State v. Burnley, *supra,* the supreme court held that the evidence was sufficient to sustain a conviction of burglary. Early in the morning while two police officers were cruising, they observed two men inside a fenced area, standing next to a broken window of a company. The men were pursued and apprehended. The company had been burglarized and some of the property was recovered. The lock on the fence had been broken. The Supreme Court in upholding the conviction stated, "A burglary was committed. . . . The presence of the defendant at the scene of the commission of this felony was for consideration by the jury. . . . The fact of flight was a circumstance indicating guilt. . . . Unexplained flight may be considered as evincing evidence of guilt. . . . Additionally, defendant, without permission, was inside a fenced in area where the lock on the gate had been broken, in the dark of night . . . and the defendant was standing beside the [property] which came from the building." 480 S.W.2d at 883.

While not factually identical, the evidence in Burnley and the holdings of other decisions[2] are sufficiently authoritative that we believe the evidence presented in this case is sufficient to make the issue one for the jury to determine and the court did not err in overruling the motion for judgment of acquittal.

The cases relied on by the appellant are distinguishable. In *Irby, supra,* the evidence showed defendant and others were at a place of business early in the evening and left in a certain automobile. Thereafter the place was burglarized and the same automobile was identified as being involved in the burglary. Subsequently, defendant and his companions were arrested. Nothing connected the defendant with the burglary.

In *Castaldi,* a tampering with an automobile case, the supreme court held the evidence insufficient. The holding was based on mere presence and nothing to indicate that Castaldi encouraged or participated in the offense.

In *Rogers,* the evidence was entirely circumstantial and there was nothing to implicate the defendant with the burglary except that he was in an automobile on a parking lot where a store had been burglarized.

We have examined the other cases relied on and do not believe that they are dispositive of the issues presented here.

When the evidence is viewed in the light most favorable to the verdict, it fairly shows that the evidence is sufficient to make a submissible case.

The judgment is affirmed.

DOWD, C. J., and KELLY, J., concur

2. See also State v. Fowler, supra; State v. Carr, 146 Mo. 1. 47 S.W. 790 (1898); State v. O'Brien, 249 S.W.2d 433 (Mo.1952) ; State v. Jackson, 338 S.W.2d 848 (Mo.1960).