**STATE of Missouri, Respondent,**

v.

**Orlen HELT, Appellant.**

**No. 39317.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Ralph A. Dobberstein, Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

The trial court found defendant Orlen Helt guilty of a warehouse burglary and sentenced him to six years' imprisonment. He has appealed, challenging the sufficiency of the evidence.

Responding to an early-morning burglar alarm, police found defendant coming out of a burglarized warehouse onto a loading dock. He jumped down into an alley, ran, and failed to halt on police command. Defendant was arrested, tried and found guilty.

Both defendant and the state rely on the same two cases. In *State v. Burke*, 462 S.W.2d 701[1–2] (Mo.1971), police found defendant on the roof of a shed within three feet of the burglarized building. The court acknowledged (as the state here concedes) that defendant's presence at the burglary scene, and his opportunity to have committed the burglary, were insufficient to prove guilt. The *Burke* court affirmed the conviction, however, because further evidence showed defendant was found hiding close to an opened window.

Similarly, in *State v. Mason*, 506 S.W.2d 458[1, 3–5] (Mo.App.1974), patrolling police saw defendant coming out of a burglarized store and he ran when the police car appeared. On appeal, we acknowledged that presence and flight alone are insufficient to warrant a burglary conviction, but guilt was upheld on the strength of further evidence defendant was seen at an early hour coming out the door of the burglarized store.

As said, defendant contends evidence of presence, opportunity and flight are insufficient to show guilt. But, as implied in *Burke* and held in *Mason*, those factors make a submissible case when coupled with further evidence that defendant, as here, came out of the burglarized building.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.