**Steven LANE, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 82–516C(B).

United States District Court, E. D. Missouri, E. D.

June 11, 1982.

Steven Lane, pro se.

Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

REGAN, District Judge.

Before us is the pro se application of Steven Lane, a prisoner of the state of

Missouri, for habeas relief pursuant to 28 U.S.C., Section 2254. A response and a traverse have been filed. We have the entire state court record.

On a trial to a jury, petitioner was convicted on a three count amended information, two counts charging robbery in the first degree, and the third count charging (felony) murder in the first degree. He was sentenced to 9 years imprisonment on the first count for attempted robbery, to 15 years imprisonment on the second count robbery charge and to life imprisonment on the murder charge, all sentences to run consecutively.

The Missouri Court of Appeals, Eastern District, affirmed the attempted robbery and the robbery convictions, but reversed and remanded the murder conviction. However, on application of the State, the cause was transferred to the Missouri Supreme Court which heard and decided petitioner's appeal de novo. That Court concluded that the conviction for attempted robbery should be reversed and affirmed the convictions and sentences on the robbery and murder counts. The reversal of the attempted robbery conviction resulted solely from the fact that said offense was the underlying felony which the State used to obtain the first degree (felony) murder conviction. *State v. Lane*, 629 S.W.2d 343 (Mo. banc 1982).

Petitioner alleges three grounds for habeas relief. His first ground is based on the amendment of the information to charge first degree felony murder in lieu of the original charge of conventional or common form first degree murder without affording him a preliminary hearing on the amended charge, thereby, so petitioner contends, depriving him of equal protection of the laws and denying him due process even though no prejudice resulted or under the facts could have resulted.

The problem with which the Missouri Supreme Court was confronted in ruling this issue was created by a change in the statutes which the prosecutor had apparently overlooked prior to his decision to file the amended information. The crimes of which petitioner was convicted were committed on February 12, 1976, about four and a half months after Sections 559.010, and 559.030, R.S.Mo.1969 were repealed in connection with the enactment of a new statute effective September 25, 1975. Count III of the original information by its terms charged common-form first degree murder, tracking the language of Section 559.010.

Prior to September 25, 1975, the definitions of illegal homicide and the penalties prescribed therefor were set forth in Sections 559.010, 559.020 and 559.030 RSMO. 1969. Section 559.010, to the extent here applicable, defined murder in the first degree as follows:

"Every murder which shall be committed by ... any ... kind of willful, deliberate and premeditated killing, *and* every homicide which shall be committed in the perpetration or attempt to perpetrate any ... robbery ... shall be deemed murder in the first degree."

Thus, in a single sentence, the definition of first degree murder included both the conventional or "common-form" first degree murder (alleged in the original information) and first degree felony murder. However, it was well settled in Missouri that under this statute a person could be charged with and prosecuted for willful, deliberate and premeditated murder (the common form) and be convicted upon proof of murder committed during the course of a felony. See, e.g., *State v. Granberry*, 484 S.W.2d 295, 300 (Mo. banc. 1972). And in *State v. Lane*, in ruling present petitioner's appeal, the Missouri Supreme Court en banc stated that "Clearly, under the repealed first degree murder statute, the original Count III [which charged petitioner with "willfully, premeditatedly, deliberately on purpose, and of his malice aforethought" inflicting a fatal wound on the decedent] was sufficient to charge first-degree murder whether committed in the common form manner or while perpetrating or attempting to perpetrate a statutorily enumerated felony." This, because of the established rule in Missouri, under the former statute, that the commission of, or the at-

tempt to commit, one of the designated felonies was the legal equivalent of premeditation, deliberation, and malice. *State v. Chambers*, 524 S.W.2d 826, 829 (Mo. banc 1975).

The repeal and reenactment of Missouri's homicide statutes, Laws Mo.1975, p. 408, did not occur in a vacuum. Unquestionably (see e.g., *State v. Duren*, 547 S.W.2d 476 (Mo. banc. 1977)), the General assembly of Missouri simply intended to conform to what it deemed was mandated by the decision of the United States Supreme Court in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) which rejected imposition of the death penalty in each of three cases involving discretionary alternative punishments such as had been provided in Section 559.030 (death or life imprisonment) with respect to persons convicted of *any* murder in the first degree. The legislative purpose was to retain the death penalty in common form first degree murder cases by severing *as to punishment*, felony murders under Section 559.010 from the common-form murders. It did so by redesignating the common-form first degree murders as capital murders, as to which the mandatory penalty was (by this 1975 statute) required to be death.[1]

■ Petitioner argues that by reason of the change in the homicide statutes, redesignating the former first degree conventional murder as "capital" murder, capital murder and felony murder became separate and distinct crimes, so that *under Missouri procedural law*, it was now error to permit the State to amend the information to specifically charge first degree felony murder, a different crime than capital murder, even though, as the Missouri Supreme Court held petitioner could not have been prejudiced thereby.

We discern no error of federal constitutional dimensions. Unquestionably, as we have noted, the 1975 legislative purpose in severing conventional or common-form murders from first degree felony murders

was simply to limit the death penalty to persons convicted of common-form (redesignated for convenience as capital) murders. The *nature* of the crime remained the same. Only the name was changed to better effectuate the legislative purpose. That the 1975 legislature did not intend to change the pre-existing law in other respects is evidenced by the further provision in the 1975 statute (Section 559.009), captioned "Degrees of homicide", to the following effect:

> "1. Upon the trial of an indictment or information for capital murder, the jury must inquire, under such instructions as the court finds are justified by the evidence, and by their verdict ascertain, whether the defendant is guilty of capital murder, murder in the first degree, murder in the second degree, or manslaughter."

Even if felony murder is not a lesser *included* offense of capital murder, it is certainly a lesser degree of homicide. However, it is irrelevant for present purposes whether, *absent the amended information*, a jury could have validly convicted petitioner (under Missouri procedural law) of felony murder. Of importance is the fact that unlike cases in which the state changed its theory, either during or immediately before trial (Cf. *Watson v. Jago*, 558 F.2d 330 (6 Cir. 1977), the information in this case was amended *more than three months before trial*, thus affording petitioner ample notice of the precise offense for which he was to be tried. We find wholly lacking in merit petitioner's contention that by examining the *facts* to ascertain whether prejudice resulted, the Missouri Supreme Court changed the pre-existing procedural law of Missouri and thereby denied him equal protection of the law and "the fundamental fairness which is the essence of due process." As the Missouri court held, "in the context of this case [petitioner] was fully apprised of the charges against him and

---

1. In *Duren*, supra, the Missouri Court held that the mandatory death sentence was impermissible. The General Assembly responded in 1977 by enacting another statute setting forth the conditions upon which a jury should act in assessing such a penalty.

was not prejudiced in his substantial rights by the filing of the amended information which charged first degree (felony) murder."

We find equally without merit petitioner's further, related, argument that the State's failure to accord him a preliminary hearing (which he did not request) before filing the *amended* information constitutes a denial of equal protection of the laws of Missouri and of due process. Petitioner concedes, as he must (see *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1974)), that the mere failure to accord a defendant a preliminary hearing is not a federal constitutional ground for vacating his subsequent sentence after trial. The thrust of petitioner's argument is that under Missouri procedural law, a preliminary hearing (unless waived) is mandated before the state can proceed by information. The primary purpose of a preliminary hearing is simply to determine whether there is probable cause for the issuance of an information charging the defendant with the commission of a felony.

Admittedly, petitioner waived a preliminary hearing as to the original charge, which, as the Missouri Supreme Court held "puts the case in the same status as if the preliminary hearing had been held." Petitioner makes no contention that a preliminary hearing before the amended information was filed would have revealed anything different than would a preliminary hearing before the original information was filed.

Petitioner cites no authority holding that a *second* preliminary hearing must be held by reason of an amendment to the information, particularly where, as here, the basic facts upon which the State relies are unchanged. The decision of the Missouri Supreme Court on petitioner's appeal that in the context of his case a second preliminary hearing was not mandated under Missouri law is a purely procedural ruling in a matter of *state* law and not of constitutional magnitude. As the Court held, "the fact is that [petitioner] was not prejudiced by the failure to [hold a second preliminary hear-

ing] and a retrial is simply not warranted." Even now, petitioner makes no claim of prejudice. His complaint, in essence, is that the Missouri Supreme Court should have *ignored* the lack of prejudice. We do not agree. Cf. *Hopper v. Evans*, —— U.S. ——, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) by the United States Supreme Court, which held that by reason of the absence of prejudice the defendant (who had been sentenced to death) could not complain that Alabama law which had been ruled unconstitutional in *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), precluded that giving of a lesser included offense instruction in capital cases.

The remaining two grounds of the petition are clearly related and admittedly are to be considered together. Ground two asserts that in violation of the provision against double jeopardy, he was tried on charges of *two* robberies whereas there was in fact but *one*. In ground three, petitioner contends that it was improper for the State to use the "unconstitutional" conviction of "attempted robbery" as the felony to obtain the murder conviction and thus be free to sustain the robbery conviction as well. Again, no constitutional violation has been demonstrated.

It is true that petitioner was charged with two robberies, one of Benjamin Johnson and the other of Claude Robinson. However, inasmuch as the evidence showed that only the (Count II) robbery of Claude Robinson was fully consummated before Johnson was murdered, the trial court permitted the State to proceed as to Count I on the lesser included felony of "attempted" robbery of Johnson. There is ample Missouri authority authorizing such a procedure. See, for example, *State v. Whitaker*, 275 S.W.2d 322 (Mo.Sup.1955) and *State v. Miller*, 322 Mo. 1199, 18 S.W.2d 492 (1929). The evidence was adequate to support the finding of an attempted robbery of Johnson and of his murder during the course of such attempt. In fact, on his appeal, petitioner did not challenge the sufficiency of the evidence.

As noted supra, the conviction for attempted robbery was reversed by the Mis-

souri Supreme Court, not because of the lack of evidence, but solely on the basis that "(o)ne cannot legally be convicted of both the underlying felony [i.e. the attempted robbery], which is the necessary lesser included offense of first-degree felony murder, and for first degree (felony) murder."

Petitioner's principal argument on this aspect of the case is that it was "unfair" for the State to charge him with two robberies when there was only one (that of Robinson), in order to obtain a conviction not only for the felony murder of Johnson but also for the robbery of Robinson. His theory is premised on his fallacious assumption that the attempted robbery conviction was "unconstitutional" and therefore could not be used as the underlying felony. This argument, which is completely devoid of merit, overlooks not only the fact that if, as petitioner now contends, the Robinson robbery had been the underlying felony, the attempted robbery conviction would not have been reversed.

We are convinced upon a review of the state court record that petitioner was not deprived of any federally guaranteed right. Accordingly, the petition for a writ of habeas corpus will be denied. An appropriate order will be entered.